THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY MCCLOUD, Appellant. [614 NYS2d 72] —Weiss, J. Appeal from a judgment of the County Court of Schenectady County (Harrigan, J.), rendered July 27, 1992, which revoked defendant's probation and imposed a sentence of imprisonment.

On April 11, 1985, following his guilty plea to the crime of criminal sale of a controlled substance in the third degree (a class B felony), defendant was sentenced to lifetime probation. On March 20, 1991, at a meeting with his probation officer at the Schenectady County Jail where defendant was incarcerated for another offense, he was directed to report to the probation officer upon his release from jail and monthly thereafter. Defendant failed to comply or to contact the probation officer, who thereafter filed the current violation of probation petition on May 18, 1992.

At the June 10, 1992 hearing on the petition, the People

established defendant's failure to contact his probation officer for more than 90 days and that he had been convicted of harassment (a violation) on May 11, 1992. In a written decision dated July 19, 1992, County Court found that the People had sustained their burden of proof, showing the violations by a preponderance of the evidence, and held that defendant had violated the conditions of his probation. On July 27, 1992 the court found defendant to be a second felony offender and imposed a prison sentence of 10 to 20 years. Defendant has appealed.

Defendant first contends that due process entitles him to two distinct hearings, one to determine if he had violated his probation, and the second to determine if the violations warranted revocation of the probation. Defendant further argues that the second hearing never occurred. Contrary to defendant's argument, the instant decision to revoke probation involves two distinct components: a retrospective factual question to determine whether there were violations of the terms of probation, and thereafter a discretionary determination regarding whether the violations warrant revocation of probation (see, Black v Romano, 471 US 606, 611). The determination to revoke a defendant's probation requires that the court include a statement of its reasoning (Gagnon v Scarpelli, 411 US 778, 786), which we find was clearly set forth in the sentencing minutes of County Court (see, CPL 410.70 [5]). In deciding to sentence defendant to prison rather than to continue probation, County Court reviewed defendant's history while on probation and fully articulated the basis for the revocation.

We find no merit to defendant's remaining contentions.

Cardona, P. J., Mikoll, Mercure and Casey, JJ., concur. Ordered that the judgment is affirmed.