■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STANLEY ROSS, Appellant. [625 NYS2d 124] —Judgment of the Supreme Court, Bronx County (Gerald Sheindlin, J.), rendered August 16, 1993, convicting defendant, after jury trial, of assault in the first degree, and sentencing him, as a second felony offender, to an indeterminate term of imprisonment of from 7½ to 15 years, unanimously affirmed.

A review of the record indicates that Supreme Court did not interfere excessively in the examination of witnesses. Rather, the court appropriately exercised its discretion in making necessary rulings to keep the proceedings within the reason-

able confines of the issues and to encourage clarity rather than obscurity in the development of proof *(People v Moulton,* 43 NY2d 944). Further, it cannot be said that defendant was denied a fair trial or that the court disparaged defense counsel in front of the jury. The exchanges were provoked by defense counsel's tactics in pursuing improper lines of questioning in contravention of repeated rulings by the court and explicit direction to desist *(People v Cummings,* 162 AD2d 142, 144, *lv denied* 76 NY2d 985).

Defendant was not entitled to an expanded charge regarding the effect of intoxication on the reliability of identification by the witnesses *(People v Perez,* 164 AD2d 839, 840-841, *affd* 77 NY2d 928). In any event, the jurors' attention was directed to defendant's contention that the complaining witness and his companion were incapable of accurate perception and recall of the incident due to their intoxication, and to their admissions concerning the use of crack cocaine and alcohol. The court instructed the jury to consider the effect of alcohol and substance abuse in connection with issues of credibility and the ability to perceive and recall events *(see, People v Whalen,* 59 NY2d 273, 279). The instructions, as a whole, adequately conveyed to the jurors the applicable legal principles to be applied in arriving at a decision *(People v Russell,* 266 NY 147, 153; *see, People v Hurk,* 165 AD2d 687, *lv denied* 76 NY2d 1021). Concur—Murphy, P. J., Rosenberger, Rubin, Ross and Tom, JJ.