■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEX YANOWITCH, Appellant. [642 NYS2d 261] —Judgment, Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered February 8, 1988, convicting defendant, after a jury trial, of six counts of criminal sale of a controlled substance in the first degree, two counts of criminal possession of a controlled substance in the first degree, three counts of criminal sale of a controlled substance in the second degree, four counts of criminal possession of a controlled substance in the second degree, and two counts of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 20 years to life on the first-degree sale and possession convictions, 12¹/₂ years to life on the second-degree sale and possession convictions, and 12¹/₂ to 25 years on the third-degree sale convictions, unanimously affirmed.

The trial court did not denigrate defense counsel by curtailing his irrelevant, and extremely lengthy, questioning of the prosecution's witnesses. Defense counsel repeatedly pursued improper lines of questioning and ignored the court's rulings to desist, and as the court's comments were not harsh, and it specifically instructed the jury that such exchanges were not to be considered in their deliberations, defendant was not deprived of a fair trial (*People v Gonzalez*, 38 NY2d 208; *People v Ross*, 214 AD2d 304).

Defendant's claim that he was deprived of his right to appellate review due to an inadequate record must be rejected, since he failed to demonstrate that he was prejudiced by the failure to record the sidebars or by the missing pages from two witnesses' testimony (*see, People v Harrison*, 85 NY2d 794, 796). Moreover, these claims are unavailing in light of defendant's failure to request that the sidebars be transcribed, to accurately settle the transcript before bringing his appeal, and to meet his burden of showing that the proceedings could not be reconstructed by alternate methods (*see, supra; People v Andino*, 183 AD2d 834, *lv denied* 80 NY2d 901).

We find that defendant was not prejudiced by the timing of the court's dismissal of the conspiracy counts (*see, People v Brown*, 83 NY2d 791).

We have reviewed defendant's remaining contentions, includ-

ing that the sentence is excessive, and find them to be without merit. Concur—Wallach, J. P., Ross, Williams and Mazzarelli, JJ.