■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEX MARTINEZ, Appellant. [655 NYS2d 33] —Judgment, Supreme Court, New York County (Juanita Bing Newton, J.), rendered July 6, 1994, convicting defendant, after a jury trial, of robbery in the first and second degrees, and sentencing him, as a second felony offender, to concurrent terms of $12^1/_2$ to 25 years and $7^1/_2$ to 15 years, respectively, unanimously affirmed.

Defendant's claim that he was deprived of his right to effective appellate review due to an inadequate record is without merit. Defendant has failed to show that he was prejudiced by the failure to record certain questioning by the prosecutor and defense counsel during the jury voir dire, which portion of the voir dire defendant did not request be recorded (*People v Yanowitch*, 227 AD2d 225, *lv denied* 88 NY2d 997). Further, the available record is sufficient to confirm that the trial court appropriately denied defendant's challenges for cause against two venirepersons subsequently challenged peremptorily by defendant (*see, People v Harrison*, 85 NY2d 794, 796). In this connection, we note that because defendant had not exercised all of his peremptory challenges by the completion of jury selection, even an erroneous ruling denying a challenge for cause would not constitute reversible error (*People v Brown*, 202 AD2d 266, *lv denied* 83 NY2d 964).

The trial court properly permitted the People to introduce evidence of an uncharged crime, shown by the People by clear and convincing evidence to share the unique modus operandi of the crimes charged herein and defendant's identity as the perpetrator of the crime (*see, People v Robinson*, 68 NY2d 541). In light of defendant's extensive cross-examination in connection with the uncharged crime, as well as the trial court's explicit instructions to the jury regarding the limited purpose of the evidence in question, and the fact that defendant was

acquitted of one of the charged robberies, we reject defendant's claim of undue prejudice based on the scope of the uncharged crime evidence presented.

We perceive no abuse of discretion in sentencing. Concur— Murphy, P. J., Sullivan, Milonas and Tom, JJ.