■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GASTON GAREY, Appellant. [664 NYS2d 629] —Casey, J. Appeal from a judgment of the County Court of Clinton County (Lewis, J.), rendered April 3, 1996, which revoked defendant's probation and imposed a sentence of imprisonment.

On July 31, 1995, defendant was sentenced to five years' probation following his guilty plea to the crime of assault in the second degree stemming from injuries he inflicted upon the victim with a beer bottle. The terms and conditions of defendant's probation provided that he, inter alia, refrain from the

use of alcohol, attend an alcohol treatment program, pay restitution and obey local, State and Federal laws. Defendant was thereafter charged with, and found guilty of, violating various terms of his probation and, as a result, defendant's probation was revoked and he was resentenced to a prison term of 2 to 6 years. Defendant now appeals.

Initially, we reject defendant's contention that he was denied due process of law because the last four or five pages of the probation hearing transcript were lost. Defendant has failed to show that he was prejudiced thereby inasmuch as the available record permits adequate review of the issues raised by defendant (*see, People v Harrison*, 85 NY2d 794, 796; *People v Martinez*, 237 AD2d 217; *People v Yanowitch*, 227 AD2d 225, *lv denied* 88 NY2d 997; *People v Rick*, 224 AD2d 790, *lv denied* 88 NY2d 852). Nor has he demonstrated that these pages contain genuine appealable issues (*see, People v Griffin*, 135 AD2d 730, 731).

We further find that the testimony adduced at the probation hearing established by a preponderance of the evidence that defendant violated the terms of his probation (*see*, CPL 410.70 [3]; *see also, People v Compagni*, 241 AD2d 573). The record reveals that defendant was aware of and understood the conditions of his probation. Nevertheless, defendant's probation officer testified that defendant had missed three restitution payments and he failed to participate in an alcohol treatment program. In addition, another probation officer, whose husband worked with defendant, testified that she observed defendant consuming alcohol at two separate company events. Furthermore, a police officer testified that, upon responding to a call of domestic violence, he arrested defendant for assault based upon the victim's complaints of defendant's violent behavior and the officer's own observations of the victim's pain.

We similarly reject defendant's contention that his due process rights were violated as a result of County Court's failure to state its reasons for revoking defendant's probation. We find that County Court adequately set forth its reasoning in the sentencing minutes by explicitly referencing the testimony upon which it relied in deciding to revoke his probation (*see, e.g., People v McCloud*, 205 AD2d 1024, 1025, *lv denied* 86 NY2d 738). Finally, we find no abuse of discretion or extraordinary circumstances warranting interference with the resentence imposed by County Court.

Mikoll, J. P., White, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is affirmed.