■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS VALEZ, Appellant. [748 NYS2d 554] —Judgment, Supreme Court, New York County (Brenda Soloff, J., at denial of *Frye* hearing; Martin Rettinger, J., at jury trial and sentence), rendered October 29, 1998, convicting defendant of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 5 to 10 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no reason to disturb the jury's determination to credit the testimony of the police chemist that the color tests and confirmatory microcrystalline tests she performed on the substance sold by defendant to the undercover officer revealed that the substance contained cocaine (*see People v Argro*, 37 NY2d 929, 930). The jury properly discredited defendant's testimony that he sold imitation drugs.

There was no need for a *Frye* hearing (*Frye v United States*, 293 F 1013), since there is nothing novel about color and microcrystalline tests for drugs, and their reliability has long been generally accepted by the scientific community.

The court properly exercised its discretion in imposing reasonable limits on defendant's cross-examination of the chemist (*see Delaware v Van Arsdall*, 475 US 673, 678-679). The court properly precluded, as irrelevant, questions involving an "investigation" of the police laboratory by the American Society of Crime Laboratory Directors which allegedly took place six months before the instant testing (*see People v Dudley*, 279 AD2d 330). Defendant was not deprived of a fair trial by the court's rebuke of defense counsel for repeatedly ignoring the court's instruction to discontinue an improper line of questioning, particularly since the court's instructions minimized any prejudice (*see People v Yanowitch*, 227 AD2d 225, *lv denied* 88 NY2d 997).

The court properly exercised its discretion in refusing to grant defendant's belated request for a lengthy adjournment to call an expert located in Florida in an effort to refute the

testimony of the police chemist. Defendant failed to establish that the proposed testimony was relevant, and there was serious question as to whether this witness was qualified to testify concerning the matters in issue (*see People v Foy*, 32 NY2d 473).

We have considered and rejected defendant's remaining claims. Concur—Nardelli, J.P., Mazzarelli, Sullivan, Ellerin and Rubin, JJ.