People v Blanding (2022 NY Slip Op 07378)

People v Blanding

2022 NY Slip Op 07378

Decided on December 23, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, NEMOYER, CURRAN, AND BANNISTER, JJ.

894 KA 18-01545

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
XAVIER BLANDING, DEFENDANT-APPELLANT. 

JILL L. PAPERNO, ACTING PUBLIC DEFENDER, ROCHESTER (CLEA WEISS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Judith A. Sinclair, J.), rendered July 9, 2018. The judgment revoked defendant's sentence of probation and imposed a sentence of imprisonment. 
It is hereby ORDERED that said appeal from the judgment insofar as it imposed sentence is unanimously dismissed and the judgment is affirmed.
Memorandum: Defendant appeals from a judgment revoking his sentence of probation imposed upon his conviction of driving while intoxicated, a class E felony (Vehicle and Traffic Law §§ 1192 [3]; 1193 [1] [c] [i]), and aggravated unlicensed operation of a motor vehicle in the first degree (§ 511 [3] [a] [i]) and sentencing him to an indeterminate term of imprisonment. Defendant contends that he was denied due process because Supreme Court failed to provide an adequate statement of its reasoning in revoking his sentence of probation (see Gagnon v Scarpelli, 411 US 778, 785-786 [1973]; People v McCloud, 205 AD2d 1024, 1025 [3d Dept 1994], lv denied 86 NY2d 738 [1995]). That contention is not preserved for our review because defendant failed to object to the sufficiency of the court's findings (see generally CPL 470.05 [2]) and, in any event, it lacks merit (see People v Hare, 124 AD3d 1148, 1149 [3d Dept 2015], lv denied 26 NY3d 929 [2015]). Inasmuch as defendant has completed serving the sentence imposed, his challenge to the severity of the sentence is moot (see People v Hancarik, 202 AD3d 1151, 1151 [3d Dept 2022]; People v Swick, 147 AD3d 1346, 1346 [4th Dept 2017], lv denied 29 NY3d 1001 [2017]).
Entered: December 23, 2022
Ann Dillon Flynn
Clerk of the Court