■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT O. EASTMAN, Appellant. [999 NYS2d 588]—

Egan Jr., J. Appeal from a judgment of the County Court of Warren County (Hall Jr., J.), rendered April 18, 2012, which revoked defendant's probation and imposed a sentence of imprisonment.

In February 2011, defendant pleaded guilty in Essex County to felony driving while intoxicated and, after spending four months in jail, was released to serve five years of probation. One of the conditions of defendant's probation was that he "not use, possess or purchase alcoholic beverages." After his probation supervision was transferred to Warren County, defendant underwent a urine test screening to determine if he had consumed alcohol. When the test results came back positive, defendant was charged with violating a condition of his probation. Following a hearing, County Court concluded that defendant had violated his probation by using alcohol, revoked defendant's probation and sentenced him to 1¹/₃ to 4 years in prison. Defendant now appeals.

Initially, we note that the burden was on the People to demonstrate by a preponderance of the evidence that defendant violated a condition of his probation (*see People v Lapham*, 117 AD3d 1341, 1341 [2014], *lv denied* 23 NY3d 1064 [2014]; *People v Filipowicz*, 111 AD3d 1022, 1022 [2013], *lv denied* 22 NY3d 1156 [2014]). Contrary to defendant's claim, the People made that showing here. Employees of the Warren County Depart-

---

ment of Probation testified that on December 15, 2011, defendant provided a urine specimen that was sent out to a laboratory for testing and that the test results were positive for the presence of EtG and EtS metabolites, indicating that defendant had consumed alcohol. In addition, employees of the laboratory that tested the specimen provided detailed testimony concerning the testing protocol, including the procedure followed in testing defendant's specimen and the specific readings for the EtG and EtS metabolites that were detected. Furthermore, the confirming test results and lab reports were also provided and, contrary to defendant's claim, were appropriately considered by County Court as such evidence was relevant to the violation at issue (see CPL 410.70 [3]). Although defendant asserted what County Court characterized as the "NyQuil" defense and testified that he was taking cold medications around the time of the test and unwittingly ingested alcohol as a result thereof, his testimony and that of the witnesses who testified on his behalf presented a credibility issue for County Court to resolve. We defer to County Court's findings in this regard (see People v Filipowicz, 111 AD3d at 1023; People v D'Entremont, 95 AD3d 1507, 1508 [2012], lv denied 19 NY3d 1025 [2012]) and, viewing the record as a whole, find ample support for County Court's determination that defendant violated a condition of his probation. Therefore, the judgment is affirmed.

Peters, P.J., Rose and Lynch, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Warren County for further proceedings pursuant to CPL 460.50 (5).