■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JIMEL BROWN, Appellant. [704 NYS2d 88] —Appeal by the defendant from an amended judgment of the Supreme Court, Queens County (Chetta, J.), rendered July 22, 1998, revoking a sentence of probation previously imposed by the same court (Latella, J.), upon a finding that he violated a condition thereof, after a hearing, and imposing a sentence of imprisonment upon his previous conviction of attempted criminal sale of a controlled substance in the third degree.

Ordered that the amended judgment is affirmed.

The defendant's contention that the Supreme Court's determination revoking his probation is not supported by sufficient evidence is without merit. The testimony adduced at the hearing supports the court's determination by a preponderance of the evidence that the defendant committed the acts with which he was charged (*see,* CPL 410.70 [3]; *People v Yutesler,* 177 AD2d 732).

Contrary to the defendant's contention, there is no inherent contradiction between a determination that the defendant violated his probation and a verdict acquitting him of the criminal offenses which formed the basis of the violation, inasmuch as the two matters are subject to different standards of proof (*see, People v Powell,* 209 AD2d 645, 646; *People ex rel. Singletary v Dalsheim,* 84 AD2d 553). In addition, the defendant's resentence was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are unpreserved for appellate review (*see,* CPL 470.05). Santucci, J. P., S. Miller, Luciano and Feuerstein, JJ., concur.