■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT J. BOWER, Appellant. [779 NYS2d 675]—

Rose, J. Appeal from a judgment of the County Court of Tompkins County (Rowley, J.), rendered November 13, 2002, which revoked defendant's probation and imposed a sentence of imprisonment.

Upon pleading guilty to criminal contempt in the first degree and admitting that he entered the victim's home in violation of an order of protection, defendant was sentenced to five years' probation. Later, he was charged with violating the terms of his probation by possessing a shotgun, harassing and assaulting the victim, and changing his residence without first notifying his probation officer. After a hearing, defendant was found guilty of violating his probation and sentenced to a prison term of 1⅓ to 4 years. He now appeals.

We reject defendant's contention that County Court's findings of probation violations were based exclusively on hearsay evidence (see People v Spragis, 5 AD3d 814, 815 [2004]; People v Randolph, 195 AD2d 699, 699 [1993]). Upon review of the record, we find that, in addition to hearsay statements describing

the victim's account of defendant's physical assault on her and his presence in her basement with his shotgun, one investigating police officer testified that the victim was crying, distraught and appeared to be injured at the time those statements were made, and another officer testified to finding a shotgun in the basement of the victim's home. In addition, defendant's probation officer testified as to defendant's admission that he had moved back in with the victim (*see People v Rushin*, 196 AD2d 835, 836 [1993], *lv denied* 82 NY2d 808 [1993]; *People v Stoliker*, 94 AD2d 854, 856 [1983]). This testimony constituted " 'a residuum of competent legal evidence' " sufficient to support County Court's findings (*People v Styles*, 175 AD2d 961, 961 [1991], *lv denied* 79 NY2d 923 [1992], quoting *People v Machia*, 96 AD2d 1113, 1114 [1983]; *see People v Marx*, 222 AD2d 763, 764 [1995]).

Mercure, J.P., Crew III, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.