■ The People of the State of New York, Respondent, v Carlos Spady, Appellant. [806 NYS2d 807]—

Peters, J. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered September 23, 2003, which revoked defendant's probation and imposed a sentence of imprisonment.

In satisfaction of a four-count indictment, defendant pleaded guilty in 2002 to robbery in the first degree. Pursuant to the terms of the plea agreement, he was thereafter sentenced to five years of probation. In 2003, defendant was charged with violating various conditions of his probation by failing to abstain from the use of alcohol and illegal drugs and engaging in violent and threatening behavior toward his peers. Following a hearing, County Court revoked defendant's probation and sentenced him to 1⅓ to 4 years in prison. Defendant now appeals.

We reject defendant's assertion that the probation violation finding relative to his assaultive behavior was based exclusively on hearsay evidence. Defendant's probation officer testified that defendant admitted to her that he had a fight and hit another youth (*see People v Bower*, 9 AD3d 603, 604 [2004], *lv denied* 3 NY3d 704 [2004]; *see also People v Rushin*, 196 AD2d 835, 836 [1993], *lv denied* 82 NY2d 808 [1993]).

Defendant's assertion that County Court erred by allowing and considering testimony from defendant's probation officer concerning the specific probation conditions which defendant was alleged to have violated, without the People ever having moved the actual order of probation conditions into evidence, was not preserved for our review. In any event, defendant's probation officer testified as to the conditions of defendant's probation, explained that she had read each one to defendant and was present when he signed them. The court, empowered to contemplate "any relevant evidence" (CPL 410.70 [3]), was not required to strictly adhere to evidentiary rules (*see People v Recor*, 209 AD2d 831, 831-832 [1994], *affd* 87 NY2d 933 [1996]).

Mercure, J.P., Carpinello, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.