■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER C. RUFF, Appellant. [854 NYS2d 787]—

Spain, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered February 8, 2006, which revoked defendant's probation and imposed a sentence of imprisonment.

While serving a five-year term of probation upon his plea of guilty to attempted criminal possession of a controlled substance in the third degree, defendant was charged in September 2004 with violating the terms of his probation by failing to maintain contact with his probation officer or to present proof of employment. He absconded after being accused of rape by the 15-year-old sister of his then-girlfriend, and had no contact with his probation officer until March 2005 when he turned himself in. Following a jury trial, defendant was acquitted of first degree rape and criminal sexual act in the first degree, the sole charges submitted to the jury. Defendant was then charged in an amended violation of probation petition with violating additional conditions of his probation, namely, for having been "arrested . . . and charged with Rape 1st., the result of him allegedly having sex with his paramour's 15 year old sister, on 8-30-04," and for absconding and remaining in hiding for several months. Following a probation violation hearing, County Court determined that defendant had violated the terms of his probation, which the court revoked, and it imposed a prison sentence of 3 to 9 years. Defendant now appeals.

Initially, despite defendant's admission to being arrested and absconding, we find no error in County Court's refusal to permit him to plead guilty to the charges in the amended violation of probation petition, given his refusal to also admit that he had engaged in the underlying sexual misconduct charged in that

amended petition (*see People v Haas*, 245 AD2d 825, 826 [1997]; *see also* CPL 410.70 [2]). Defendant was on notice well in advance of the violation hearing that the People would not consent to his plea of guilty unless he admitted the sexual conduct and that the court's plea approval was so contingent.

Next, disagreeing with defendant's contrary claims, we find that the People met their burden of proving by a preponderance of the evidence that defendant failed to obey conditions of his probation (*see* CPL 410.70 [3]; *see also People v Provost*, 35 AD3d 899, 900 [2006]). When he testified, defendant admitted absconding and being arrested and, while he denied any sexual contact, we accord great weight to County Court's express determination to credit the victim's account at the hearing of forcible rape (*see People v Cruz*, 35 AD3d 898, 899 [2006], *lv denied* 8 NY3d 845 [2007]). Defendant's acquittal after a criminal trial did not foreclose the posthearing finding that he violated conditions of his probation, given the differing charges and standards of proof in each matter (*see People v Brown*, 268 AD2d 592, 593 [2000], *lv denied* 94 NY2d 945 [2000]; *People v Conway*, 263 AD2d 548, 549 [1999], *lv denied* 94 NY2d 861 [1999]). Indeed, the more limited purpose of a probation revocation proceeding "is to determine if defendant's subsequent acts violate the conditions of the original sentence not whether the acts constitute a crime" (*Matter of Darvin M. v Jacobs*, 69 NY2d 957, 959 [1987]).

A review of the record also reveals that defendant never requested an updated presentence report, registered an objection at sentencing to the presentence report, or moved to vacate the sentencing on this ground and, thus, his claim in this regard is unpreserved (*see People v Sander*, 47 AD3d 1012, 1013 [2008]; *People v Henkel*, 37 AD3d 873, 873 [2007], *lv denied* 8 NY3d 985 [2007]; *People v Provost*, 35 AD3d at 900). Were we to consider the issue, on these facts, we would find no abuse of discretion by County Court in resentencing him without an updated report (*see People v Kuey*, 83 NY2d 278, 282 [1994]; *People v Walts*, 34 AD3d 1043, 1044 [2006], *lv denied* 8 NY3d 850 [2007]; *People v Ali-Rachedi*, 34 AD3d 981, 981 [2006], *lv denied* 8 NY3d 878 [2007]; *cf.* CPL 390.20 [1], [3]; *see generally* CPL 390.30 [3]), given the court's understanding of his intervening history (*see People v Kaulback*, 46 AD3d 1027, 1028 [2007]).

Finally, we have considered and rejected defendant's remaining contentions, including that we exercise our interest of justice authority to vacate the judgment revoking his probation and reduce the sentence as harsh and excessive.

Cardona, P.J., Peters, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.