■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL E. DeMONEY, Appellant. [865 NYS2d 153]—

Kane, J. Appeal from an order of the County Court of Otsego County (Coccoma, J.), entered May 31, 2006, which, among other things, modified the terms of defendant's probation.

---

In 2004, defendant was convicted and sentenced to five years of probation. Pursuant to two of the conditions of his probation, he is required to stay away from places where children under the age of 17 are known to congregate and is prohibited from being responsible for the care of any child under 17, without prior permission from his probation officer. Defendant's probation officer filed a violation petition alleging that defendant violated these conditions by being alone with his minor daughter on one occasion and with his minor son on two occasions, one of those occasions occurring in a public park. Following a hearing, County Court issued a declaration of delinquency and continued defendant's probation, modifying one condition by prohibiting defendant from residing or remaining overnight where a child under the age of 17 is present. Defendant appeals.

The People were required to prove by a preponderance of the evidence that defendant violated a condition of his probation (*see* CPL 410.70 [3]; *People v Bost*, 39 AD3d 1027, 1027-1028 [2007]; *People v Murray*, 12 AD3d 838, 840 [2004], *lv denied* 4 NY3d 766 [2005]). Hearsay evidence is admissible in a probation violation hearing and may be considered along with other evidence, but the court cannot conclude that a defendant violated probation without "a residuum of competent legal evidence" (*People v Machia*, 96 AD2d 1113, 1114 [1983]; *see People v Spragis*, 5 AD3d 814, 815 [2004], *lv denied* 2 NY3d 807 [2004]; *People v Hogan*, 284 AD2d 655, 655 [2001], *lv denied* 97 NY2d 641 [2001]; *People v Marx*, 222 AD2d 763, 764 [1995]; *People v Styles*, 175 AD2d 961, 961 [1991], *lv denied* 79 NY2d 923 [1992]). Aside from the hearsay testimony of a caseworker from the Department of Social Services of what the children told her, no evidence was admitted at the hearing regarding defendant being alone with any minor child or being in a public park where children may congregate (*compare People v Bower*, 9 AD3d 603 [2004], *lv denied* 3 NY3d 704 [2004]). As the declaration of delinquency was based solely upon hearsay evidence, without any residuum of competent evidence, we reverse County Court's determination and dismiss the petition.

While we agree with the People that County Court has the authority to enlarge or modify conditions of probation at any time prior to the termination of a defendant's sentence (*see* CPL 410.20 [1]), there was no basis in this record for expanding defendant's conditions to prevent him from living with his own children. Finally, defendant may not challenge the conditions of his original sentence which formed the basis of the violation petition, as he did not appeal from the original sentence and the time to appeal has long since passed (*see* CPL 450.30 [3]; *People*

*v Wolfe*, 254 AD2d 528, 528 [1998], *lv denied* 92 NY2d 952 [1998]).

Cardona, P.J., Carpinello, Rose and Kavanagh, JJ., concur. Ordered that the order is reversed, on the law and the facts, and probation violation petition dismissed.