■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM S. BENNETT, Appellant. [905 NYS2d 670]—

Appeal from a judgment of the County Court of Delaware County (Becker, J.), rendered September 8, 2008, which revoked defendant's probation and imposed a sentence of imprisonment.

In 2003, defendant pleaded guilty to the crime of assault in the second degree as the result of an incident in which he used a baseball bat to attack his estranged wife's paramour while the paramour was sleeping in her house. He was sentenced to four months in jail, to be served on the weekends, as well as five years of probation. Thereafter, he pleaded guilty to violating the conditions of his probation as charged in two separate violation petitions. In 2008, a third violation petition was filed alleging that he, among other things, violated the conditions of his probation prohibiting him from consuming alcohol and traveling outside the jurisdiction without his probation officer's consent. Following a lengthy hearing, County Court revoked defendant's probation and resentenced him to four years in prison to be followed by three years of postrelease supervision. Defendant now appeals.

Defendant asserts that County Court abused its discretion in revoking his probation and imposing a term of imprisonment which he claims is harsh and excessive. Based upon our review of the record, we disagree. Ample evidence was presented at the hearing regarding defendant's repeated violation of the conditions of his probation. In fact, defendant has even conceded in his brief that he violated the conditions of his probation. This,

together with defendant's prior probation violations and the serious nature of the underlying crime, justified the revocation of his probation. Furthermore, given defendant's pattern of conduct and the fact that the term of imprisonment was less than the maximum that could have been imposed, we find no abuse of discretion nor any extraordinary circumstances warranting a reduction of the sentence in the interest of justice (*see People v Spear*, 37 AD3d 870, 871 [2007]; *People v Wormuth*, 3 AD3d 596, 597 [2004]).

Mercure, J.P., Peters, Kavanagh, Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed.