■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY MICHAEL ROCKEFELLER, Appellant. [913 NYS2d 417]—

Malone Jr., J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered August 12, 2009, which revoked defendant's probation and imposed a sentence of imprisonment.

Defendant was charged in an indictment with making a terroristic threat and aggravated harassment in the second degree after he threatened to murder an Assistant District Attorney in the Rensselaer County District Attorney's office. In June 2008, he pleaded guilty to attempted making a terroristic threat and was sentenced to five years of probation. Less than a year later, defendant was arrested and charged with similar crimes—making a terroristic threat, stalking in the third degree and aggravated harassment in the second degree—arising out of death threats made to an investigator for the Rensselaer County District Attorney's office, as well as to the investigator's immediate family. Thereafter, defendant was charged with violating the condition of his probation that prohibited him from violating any federal, state or local laws. Following a hearing, County Court terminated defendant's probation and sentenced him to 1⅓ to 4 years in prison. Defendant appeals and we affirm.

A probation violation must be established by a preponderance of the evidence (*see* CPL 410.70 [3]; *People v Cruz*, 35 AD3d 898, 899 [2006], *lv denied* 8 NY3d 845 [2007]). Here, defendant's probation officer testified that defendant informed her that he was going to beat the investigator and that the investigator "should hope that he doesn't die from his beatings." The Rensselaer County District Attorney testified that defendant said to him, "[Y]our investigator . . . is a dead man." The investigator testified that he began receiving threatening phone calls in August 2008 and that, although defendant identified himself by name on only one occasion, the investigator always recognized defendant's voice because the two had spoken with one another more than 100 times. According to the investigator, defendant threatened his life during every conversation and

once stated that he was going to burn down the house at a specific address and "kill everybody in it." The house located at the address cited by defendant belonged to the investigator's mother.

In light of the foregoing, we disagree with defendant's assertion that the People failed to prove by a preponderance of the evidence that he violated a condition of his probation (*see People v Ruff*, 50 AD3d 1167, 1168 [2008]; *People v Bost*, 39 AD3d 1027, 1027-1028 [2007]). Furthermore, given defendant's extensive criminal history and the pattern of conduct underlying his most recent offenses, we find no extraordinary circumstances or an abuse of discretion warranting a reduction of the sentence in the interest of justice (*see People v Bennett*, 74 AD3d 1581, 1582 [2010]). To the extent not specifically addressed, defendant's remaining contentions have been considered and found to be unpersuasive.

Mercure, J.P., Stein, McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.