■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM J. McCAUL JR., Appellant. [926 NYS2d 752]—

McCarthy, J.

In 2004, when defendant was 17 years old, he pleaded guilty to attempted sexual abuse in the first degree for having sexual contact with a 10-year-old victim. County Court sentenced him to time served and a 10-year term of probation. Two conditions of defendant's probation are at issue. One prohibits him from residing "in the same residence where persons under 18 years of age reside without the permission of [his] Probation Officer." The other states that defendant may "not be alone with any child under 18 years of age unless an adult is present who is aware of [his] history of sexual behavior and has been approved as a safeguard by [his] Probation Officer," and that defendant may "not have contact with children under 18 years of age."

In February 2009, defendant's fiancée gave birth to their child.* Defendant moved to modify the conditions of his probation to allow him to reside with the child and his fiancée or, in the alternative, to permit him to visit with his daughter. County Court denied the motion, prompting defendant's appeal.

Initially, defendant may not challenge the terms and conditions of probation imposed as part of his original sentence, as

---

* Although the mother of defendant's child was his fiancée at the time he filed the motion at issue, he asserts in his brief that she is now his wife.

he did not appeal from the judgment of conviction and the time to do so has passed (*see People v DeMoney*, 55 AD3d 953, 954 [2008]). Further, County Court, which was authorized to modify the conditions of defendant's probation at any time prior to the expiration of his sentence (*see* CPL 410.20 [1]; *People v Gravino*, 14 NY3d 546, 558 [2010]), did not abuse its discretion when it denied defendant's application (*see People v Franco*, 69 AD3d 981, 982 [2010]). Even without any modification, the terms at issue permit defendant to live with and visit his daughter, so long as he first obtains the prior permission of his probation officer. Defendant did not establish a need to modify the terms, as he did not show that he attempted to work within the current restrictions by seeking permission from his probation officer to live with his daughter or to have someone—perhaps the mother of his child—approved as a supervisor for visits with her. Thus, the court did not abuse its discretion in refusing to modify the reasonable conditions of probation (*compare People v DeMoney*, 55 AD3d at 954).

Rose, J.P., Malone Jr., Stein and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.