■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWAN DUDLEY, Appellant. [953 NYS2d 378]—

Stein, J. Appeal from a judgment of the County Court of Greene County (Lalor, J.), rendered September 23, 2010, which revoked defendant's probation and imposed a sentence of imprisonment.

Following defendant's plea of guilty to the crime of assault in the second degree, he received a split sentence which included, as relevant here, five years of probation. Thereafter, a violation of probation petition was filed against him alleging that he violated several conditions of his probation by, among other things, possessing and selling crack cocaine to a confidential informant on three separate occasions. Following a violation hearing, County Court sustained the charges, revoked defendant's probation and sentenced him to a prison term of seven years, followed by two years of postrelease supervision. Defendant now appeals.

We affirm. Upon our review of the transcript of the hearing and the evidence submitted therein, we conclude that County Court's finding that defendant's sentence of probation should

be revoked was supported by a preponderance of the evidence (*see People v McQuality*, 95 AD3d 1369, 1370 [2012]; *People v Rockefeller*, 79 AD3d 1527 [2010], *lv denied* 16 NY3d 862 [2011]). We reject defendant's contention that the court's determination was based solely upon hearsay evidence (*see People v Bevilacqua*, 91 AD3d 1120 [2012]). The videotapes depicting the controlled drug transactions were not the only proof adduced at the hearing. Significantly, the police officers, who monitored the drug transactions, searched the confidential informant—both before and after the sales—and performed field testing of the cocaine testified in detail as to their personal observations regarding these events. Accordingly, inasmuch as this testimony constituted direct proof, we find no basis to disturb the determination (*see People v Hogan*, 284 AD2d 655, 655-656 [2001], *lv denied* 97 NY2d 641 [2001]).

We are also unpersuaded that defendant's sentence, which falls within the permissible statutory range, was harsh or excessive. Contrary to defendant's argument, we discern no basis to conclude that the sentence was imposed as retribution for his refusal of a plea offer and request for a revocation hearing (*see People v Henkel*, 37 AD3d 873, 874 [2007], *lv denied* 8 NY3d 985 [2007]). Given the nature of defendant's underlying conviction and his demonstrated inability to remain law-abiding and comply with the terms of his probation, we find no abuse of discretion or extraordinary circumstances warranting a reduction of the sentence in the interest of justice (*see People v Smurphat*, 91 AD3d 980, 981 [2012], *lv denied* 18 NY3d 962 [2012]; *People v Rockefeller*, 79 AD3d at 1528).

Defendant's contention, set forth in his pro se brief, that County Court lacked jurisdiction to revoke his probation and impose sentence is unsupported by the record. Nor do we find substantiation for his claim of ineffective assistance of counsel. In any event, to the extent that defendant's arguments in that regard reference matters outside the record, such claims would more properly be raised in the context of a CPL article 440 motion (*see People v Cruz*, 53 AD3d 986 [2008]).

Peters, P.J., Lahtinen, Kavanagh and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.