■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAMEARI H. PIXLEY, Appellant. [984 NYS2d 482]—

Garry, J. Appeal from a judgment of the County Court of Saratoga County (Scarano, J.), rendered January 10, 2013, which revoked defendant's probation and imposed a sentence of imprisonment.

As a result of his conviction of grand larceny in the fourth degree, defendant was sentenced in January 2011 to a term of

six months in jail followed by five years of probation. In June 2012, he was charged with violating several conditions of his probation and, in October 2012, an amended violation petition charged him with failing to report after June 6, 2012. Following a hearing, County Court determined that defendant repeatedly failed to report to appointments and meetings as directed and, thereafter, revoked his probation and sentenced him to 1 to 3 years in prison. Defendant appeals.

We affirm. We reject defendant's contention that the People failed to establish that he violated the terms of his probation by a preponderance of the evidence (*see People v Filipowicz*, 111 AD3d 1022, 1022 [2013], *lv denied* 22 NY3d 1156 [2014]; *People v D'Entremont*, 95 AD3d 1507, 1507 [2012], *lv denied* 19 NY3d 1025 [2012]). Defendant's probation officer testified that she contacted him by phone on June 1, 2012, shortly after she had taken over his case, to inform him that he was still on probation and needed to report. Despite that admonition, defendant failed to appear for three scheduled meetings in June and July 2012, as well as a court date on June 20, 2012 for a hearing on the original probation violation. Additionally, the officer spoke with defendant on July 13, 2012 and informed him that a warrant had been issued for his arrest and, despite defendant's assurance that he would turn himself in, he failed to do so. The officer testified that defendant failed to report for supervision appointments and had no further contact with the Probation Department until his arrest in October 2012. Accordingly, defendant's violation of probation was established by a preponderance of the evidence (*see People v Welch*, 55 AD3d 952, 953 [2008]; *People v Walts*, 34 AD3d 1043, 1043 [2006], *lv denied* 8 NY3d 850 [2007]).

Nor do we find merit to defendant's contention that the sentence imposed by County Court was harsh and excessive. Given defendant's extensive criminal history and his inability to adhere to the terms of his probation—including an arrest and conviction for petit larceny while under supervision—we find no abuse of discretion nor any extraordinary circumstances that would warrant a reduction of the sentence in the interest of justice (*see People v Filipowicz*, 111 AD3d at 1023; *People v McQuality*, 95 AD3d 1369, 1371 [2012], *lv denied* 20 NY3d 1013 [2013]). Defendant's remaining contentions have been examined and are unpersuasive.

Peters, P.J., Lahtinen and McCarthy, JJ., concur. Ordered that the judgment is affirmed.