■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER WALTER LAPHAM, Appellant. [987 NYS2d 117]—

Lahtinen, J.P. Appeal from a judgment of the County Court of Clinton County (Lawliss, J.), rendered November 5, 2012, which revoked defendant's probation and imposed a sentence of imprisonment.

Defendant was convicted of criminal contempt in the first degree and, in May 2012, received a sentence of five years of probation, and an order of protection was issued in favor of the mother of his child. As conditions of his probation, defendant was to refrain from committing any new offenses and comply with the order of protection. However, in September 2012, the mother reported to the police that defendant had telephoned her and a declaration of delinquency was issued. Following a hearing, County Court found that defendant had willfully violated both the order of protection and the terms and conditions of his probation, revoked his probation and sentenced him to 1 to 3 years in prison. Defendant now appeals.

We affirm. The People have the burden of proving a probation violation by a preponderance of the evidence (*see* CPL 410.70 [3]; *People v Filipowicz*, 111 AD3d 1022, 1022 [2013], *lv denied* 22 NY3d 1156 [2014]; *People v Beauvais*, 101 AD3d 1488, 1489 [2012]). Here, the mother testified that she dated defendant for four years and had a child with him, and that she recognized his voice as the caller from an unlisted number. Although defendant and his family members testified that he had not made such call, their testimony was inconsistent in material respects and County Court found the mother to be the most credible witness. Thus, according appropriate deference to County Court's credibility determinations, the record supports the finding that defendant violated the terms of his probation (*see People v Filipowicz*, 111 AD3d at 1023; *People v D'Entremont*, 95 AD3d 1507, 1508 [2012], *lv denied* 19 NY3d 1025 [2012]).

McCarthy, Rose, Egan Jr. and Lynch, JJ., concur. Ordered that the judgment is affirmed.