*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 29, 2015                    106005
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,
        v                                    MEMORANDUM AND ORDER

MICHAEL B. HARE,
                        Appellant.
_____


Calendar Date:   November 21, 2014

Before:  McCarthy, J.P., Garry, Lynch, Devine and Clark, JJ.

_____


        Paul J. Connolly, Delmar, for appellant.

        G. Scott Walling, Special Prosecutor, Schenectady, for
respondent.

_____


Clark, J.

        Appeal from a judgment of the County Court of Saratoga
County (Scarano, J.), rendered May 6, 2013, which revoked
defendant's probation and imposed a sentence of imprisonment.

        In September 2012, defendant pleaded guilty to assault in
the second degree as the result of an incident wherein he injured
a State Trooper who was attempting to arrest him.  County Court
imposed the agreed-upon sentence of time served to be followed by
five years of probation.  Defendant was almost immediately
charged with violating the conditions of his probation by, among
other things, calling a former girlfriend and her mother on
multiple occasions and ignoring the direction of his probation
officer not to do so.  Defendant contested the allegations and,
following a hearing, County Court determined that defendant had

violated the terms of his probation.  Defendant was thereafter resentenced to two years in prison, to be followed by three years of postrelease supervision, and he now appeals.

The People bear the burden of proving a probation violation by a preponderance of the evidence (see CPL 410.70 [3]; People v Lapham, 117 AD3d 1341, 1341 [2014], lv denied 23 NY3d 1064 [2014]; People v Filipowicz, 111 AD3d 1022, 1022 [2013], lv denied 22 NY3d 1156 [2014]).  As defendant correctly notes, hearsay evidence will not support the finding of a probation violation by itself (see People v Filipowicz, 111 AD3d at 1022-1023).  Inasmuch as defendant's probation officer testified that defendant had admitted to making several of the offending calls despite having been warned not to do so, however, nonhearsay evidence supports the finding of a violation (see People v Holland, 95 AD3d 1504, 1505 [2012], lv denied 19 NY3d 974 [2012]; People v Spady, 25 AD3d 881, 882 [2006]).

We also reject defendant's contention that he received ineffective assistance of counsel.  "A contention of ineffective assistance of trial counsel requires proof of less than meaningful representation, rather than simple disagreement with strategies and tactics" (People v Rivera, 71 NY2d 705, 708-709 [1988] [citations omitted]; see People v Barboni, 21 NY3d 393, 405-406 [2013]).  Defendant specifically claims that counsel was ineffective for inadvertently eliciting on cross-examination the fact that defendant had admitted making the forbidden telephone calls to the probation officer.  The record reflects that the cross-examination was part of a legitimate trial strategy of calling the basis for the officer's knowledge of the violations into question, however, and it was not worded or designed to elicit damaging testimony (see People v McCloud, 121 AD3d 1286, 1292 [2014]; People v Yelle, 303 AD2d 1043, 1044 [2003], lv denied 100 NY2d 626 [2003]).  When viewed in totality, we have no difficulty concluding that defendant received meaningful representation (see People v Wingo, 103 AD3d 1036, 1037 [2013], lv denied 21 NY3d 1021 [2013]; People v Brickle, 244 AD2d 700, 702 [1997], lv denied 91 NY2d 889 [1998]).

Defendant additionally argues that County Court failed to provide an adequate statement of its reasoning in revoking his

probation (see Gagnon v Scarpelli, 411 US 778, 785-786 [1973]; People v McCloud, 205 AD2d 1024, 1025 [1994], lv denied 86 NY2d 738 [1995]).  Defendant failed to preserve that argument by objecting to the sufficiency of County Court's findings, however, and we perceive no reason to take corrective action in the interest of justice (see CPL 470.05 [2]; see e.g. People v Junior, 119 AD3d 1228, 1231 [2014], lv denied 24 NY3d 1044 [2014]).  Defendant's remaining contentions, including that the sentence imposed was harsh and excessive, have been considered and found to be lacking in merit.

McCarthy, J.P., Garry, Lynch and Devine, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court