## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered: January 29, 2015         105662
_____

THE PEOPLE OF THE STATE OF
   NEW YORK,
                Respondent,

      v                         MEMORANDUM AND ORDER

THOMAS J. COUPE,
                Appellant.
_____

Calendar Date: November 18, 2014

Before: Lahtinen, J.P., McCarthy, Rose, Egan Jr. and Clark, JJ.

_____

       Margaret McCarthy, Ithaca, for appellant.

       Weeden A. Wetmore, District Attorney, Elmira (Kevin M. O'Shea of counsel), for respondent.

_____

McCarthy, J.

       Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered May 22, 2012, which revoked defendant's probation and imposed a sentence of imprisonment.

       In 2008, defendant pleaded guilty to burglary in the third degree and grand larceny in the fourth degree. County Court sentenced him to six months in jail and five years of probation and ordered him to pay restitution. In 2012, two violation petitions were filed alleging that he failed to comply with numerous conditions of his probation. Following a hearing, the court found that defendant committed seven violations of the conditions of his probation, revoked his probation and sentenced him to an aggregate prison term of 1 to 3 years. Defendant appeals.

Defendant received the effective assistance of counsel. Counsel cannot be deemed ineffective for failing to raise a baseless argument (see People v Addison, 219 AD2d 782, 783 [1995]). Although the record contains an order transferring defendant's probation to another county and does not contain an order transferring it back to Chemung County, there are several references to the transfer back, and this Court can take judicial notice of such an order, which we have reviewed (see People v England, 48 AD3d 838, 838 [2008]). Thus, there is no merit to defendant's current assertions that trial counsel should have argued that County Court lacked jurisdiction and that the amended conditions of probation were invalid because the Probation Department in Chemung County lacked jurisdiction.

Defendant contends that counsel was ineffective by not objecting to the lack of reasonable notice of the allegations in the second violation petition. A defendant is entitled to "a reasonable adjournment . . . to enable him [or her] to prepare for the hearing" (CPL 410.70 [2]). More than half of the allegations were contained in the first petition, it is unclear how long counsel was aware of the additional allegations, and counsel may have had a tactical reason for not requesting an adjournment (see People v Green, 31 AD3d 1048, 1051 [2006], lv denied 7 NY3d 902 [2006]). Counsel used the incorrect date when questioning the only defense witness about defendant's behavior regarding a certain incident. This may have been error, but County Court recognized the incorrect date and asked clarifying questions regarding the proper date. Considering this further questioning, we cannot say that counsel's error prejudiced defendant.

Defendant asserts that counsel failed to challenge the sufficiency of the evidence, but counsel's cross-examination of the probation officer raised factual questions about the People's proof. The evidence was sufficient to prove the violation of probation by a preponderance of the evidence as to all but one of the allegations. Hearsay evidence is admissible and may be considered, but it cannot alone support a finding of a probation violation (see People v Filipowicz, 111 AD3d 1022, 1022-1023 [2013], lv denied 22 NY3d 1156 [2014]; People v DeMoney, 55 AD3d 953, 954 [2008]). While only hearsay was submitted to support

the allegation that defendant failed to successfully complete an anger management class, rendering the proof insufficient on that allegation (see People v DeMoney, 55 AD3d at 954), the remaining allegations were supported by other evidence, including defendant's admissions to his probation officer, which was sufficient to meet the legal standard (see People v Bower, 9 AD3d 603, 604 [2004], lv denied 3 NY3d 704 [2004]). Counsel elicited evidence that defendant may not have been financially able to pay the restitution and the costs associated with an ordered evaluation, which could have made two of his violations nonwillful. Despite this evidence and the inferences that could be drawn from it, County Court could have determined that defendant's violations were willful based on proof that defendant had paid a large percentage of the restitution and then stopped paying without explanation five months prior to the hearing, and that his probation officer advised him to apply for Medicaid to cover the costs of the evaluation. Viewing the record as a whole, defendant was not deprived of meaningful representation.

Considering the numerous chances that defendant was given to avoid incarceration in state prison, both in connection with his initial plea and when he previously violated his probation, along with the multiple conditions that he was found to have violated, we do not find County Court's sentence to be harsh or excessive (see People v Pixley, 117 AD3d 1102, 1103 [2014], lv denied ___ NY3d ___ [Dec. 3, 2014]; People v Filipowicz, 111 AD3d at 1023).

Lahtinen, J.P., Rose, Egan Jr. and Clark, JJ., concur.


ORDERED that the judgment is affirmed.




ENTER:

Robert D. Mayberger
Clerk of the Court