Garry, J.
Appeal from a judgment of the Supreme Court (Teresi, J.), rendered June 11, 2013 in Albany County, which revoked defendant’s probation and imposed a sentence of imprisonment.
Defendant pleaded guilty to one count of driving while intoxicated, and was sentenced in November 2012 to time served and five years of probation. The conditions of defendant’s probation required that he, among other things, not own a motor vehicle without written permission, install an ignition interlock device on any vehicle that he owned or operated within 10 days of sentencing, maintain a residence and report as directed. In February 2013, he was charged with violating those conditions. Following a hearing, Supreme Court determined that defendant willfully violated the terms and conditions of his probation, denied his motion to set aside the verdict, revoked his probation, and sentenced him to IV3 to 4 years in prison. Defendant now appeals.
We affirm. “The People have the burden of proving a probation violation by a preponderance of the evidence” (People v Lapham, 117 AD3d 1341, 1341 [2014], lv denied 23 NY3d 1064 [2014] [citations omitted]). Moreover, “[h]earsay evidence is admissible in probation violation proceedings, [but] such evidence will not alone support the finding of a violation” (People v Filipowicz, 111 AD3d 1022, 1022-1023 [2013], lv denied 22 NY3d 1156 [2014]). Here, the probation officer, who was assigned to handle defendant’s case until probation was transferred from Albany County to Rensselaer County, testified that defendant failed to comply with a letter directing him to call her by a certain date. When defendant did contact her on December 3, 2012 after being sent another letter, the probation officer informed him at that time, and again one week later, that he needed to sell his car or install an ignition interlock device. Shortly thereafter, defendant told the probation officer that he transferred title to his mother; however, the probation officer testified — and the People submitted records from the Department of Motor Vehicles showing — that the vehicle was still owned by and registered to defendant two months later. *1058 The probation officer also testified that she did not receive notice that defendant installed an ignition interlock device.
Further, the probation officer testified that defendant ultimately stopped reporting to her, although she directed him to do so repeatedly. Defendant claims on appeal that he believed that he was required to report to Rensselaer County, but documentation submitted at the hearing and the probation officer’s testimony established that the Rensselaer County Probation Department refused to accept transfer of probation, because they were unable to verify defendant’s residence after visiting both the address at which defendant stated that he lived and his mother’s residence, where defendant claimed to receive mail. Although defendant’s witness provided exculpatory testimony, Supreme Court rejected it as lacking credibility. According deference to the court’s credibility determinations, we conclude that the People established by a preponderance of the evidence that defendant violated the terms of his probation (see People v Lapham, 117 AD3d at 1341; People v Filipowicz, 111 AD3d at 1023).
Defendant’s remaining contention has been considered and found to be lacking in merit (see People v Pixley, 117 AD3d 1102, 1103 [2014], lv denied 24 NY3d 1087 [2014]).
Lahtinen, J.P., Devine and Clark, JJ., concur. Ordered that the judgment is affirmed.