Rose, J.
Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered December 23, 2013, which revoked defendant’s probation and imposed a sentence of imprisonment.
Defendant pleaded guilty to attempted criminal possession of a controlled substance in the third degree and was sentenced to time served and five years of probation. Eight days later, defendant was observed by police on a city street late at night pushing a woman against a wall, and he was a arrested for assault in the third degree. A violation of probation petition was filed alleging that defendant violated condition five of his probation, which required that he “[rjefrain from committing any additional crime, offense, violation or other illegal activity.” Following a hearing, County Court determined that defendant had violated the terms of his probation, revoked his probation and imposed a prison sentence of 3V2 years with two years of postrelease supervision. Defendant now appeals.
We affirm. Contrary to defendant’s contentions, the People established by a preponderance of the evidence that he violated condition five of his probation (see CPL 410.70 [3]; People v Eggsware, 125 AD3d 1057, 1057 [2015], lv denied 25 NY3d 1162 [2015]). At the hearing, in addition to the uncontested proof of defendant’s probation conditions, a police officer testified that he personally observed defendant pursuing the victim on foot and then repeatedly pushing her from behind, face forward into a brick wall. The victim reported to police that defendant, a stranger to her, had demanded sex for money and, when she tried to get away, he pushed her against a wall, injuring her back. Defendant, in contrast, denied pushing the victim and claimed that she had become enraged when he refused her request for money. While the victim did not testify at the hearing, her hearsay account was admissible in conjunction with the officer’s account (see CPL 410.70 [3]; People v Coupe, 124 AD3d 1141, 1142 [2015]). According appropriate deference to County Court’s determination to credit the officer’s testimony, the record amply supports the court’s determination that defendant’s conduct on the day in question violated condition five of his probation (see People v Filipowicz, 111 AD3d 1022, 1023 [2013], lv denied 22 NY3d 1156 [2014]).
While defendant claims that the People were required to prove that he committed the crime of assault in the third degree because his arrest on that misdemeanor charge was listed on the violation of probation petition as a basis for the *1113 violation, this point was not raised at the hearing and, thus, it is unpreserved for our review (see People v Nolan, 133 AD3d 1040, 1041 [2015]; People v Crawford, 61 AD3d 774, 774 [2009], lv denied 13 NY3d 743 [2009]). Were we to address this claim, we would reject it as the violation petition set forth the probation condition alleged to have been violated and “a reasonable description of the time, place and manner in which the violation occurred” (CPL 410.70 [2]), thereby providing fair notice of the charged misconduct. Further, the People did not limit their theory on the violation petition to the crime of assault, and both parties in their summations specifically addressed the issue of whether defendant’s conduct constituted harassment, a violation, in contravention of condition five (see Penal Law § 240.26). Finally, the subsequent dismissal of the assault and harassment charges against defendant did not preclude the finding that he had, by his conduct, violated this condition of his probation (see People v Ruff, 50 AD3d 1167, 1168 [2008]; People v Brown, 268 AD2d 592, 593 [2000], lv denied 94 NY2d 945 [2000]). Defendant’s remaining claims have been considered and determined to lack merit.
Peters, P.J., Garry, Egan Jr. and Clark, JJ., concur.
Ordered that the judgment is affirmed.