### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered: April 14, 2016        106857
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                 Respondent,

       v                          MEMORANDUM AND ORDER

ELISHA H. WASHINGTON,
                 Appellant.
_____

Calendar Date: February 8, 2016

Before: McCarthy, J.P., Egan Jr., Rose, Devine and Clark, JJ.

_____

Donnial K. Hinds, Albany, for appellant.

P. David Soares, District Attorney, Albany (Michael C. Wetmore of counsel), for respondent.

_____

Egan Jr., J.

Appeal from a judgment of the County Court of Albany County (Lynch, J.), rendered May 30, 2014, which revoked defendant's probation and imposed a sentence of imprisonment.

In 2010, defendant pleaded guilty to attempted robbery in the second degree stemming from his conduct — aided by another person — in forcibly stealing property from an acquaintance. Defendant was sentenced to time served, which consisted of six months in jail, and a five-year term of probation was imposed with certain enumerated conditions. In 2014, defendant was arrested in connection with the armed robbery of a stranger, during the course of which the victim was hit, threatened with a gun and had his wallet and other personal items taken from him. Thereafter, a violation of probation petition was filed against

defendant, alleging that he had violated four conditions of his probation – committing new criminal offenses, failing to report to his probation officer on six separate occasions, using marihuana and possessing a weapon. Following an evidentiary hearing, County Court found that defendant indeed had violated the cited terms of his probation, revoked his probation and imposed a prison sentence of five years followed by three years of postrelease supervision. Defendant now appeals.

Defendant's primary argument upon appeal is that the resentence imposed, which is less than the maximum permissible sentence, is harsh and excessive. We disagree. The record reflects that while defendant was given the opportunity to avoid prison in connection with his 2010 guilty plea to a violent felony, he thereafter failed to comply with several significant terms and conditions of his probation. In addition to his admitted use of marihuana and repeated failures to report, defendant was arrested on serious charges in connection with yet another forcible robbery. Consequently, notwithstanding certain positive aspects of defendant's performance while on probation, we find no abuse of discretion or extraordinary circumstances warranting a reduction of the resentence in the interest of justice (see People v McGregor, 119 AD3d 1235, 1236 [2014], lv denied 25 NY3d 991 [2015]; People v Clark, 100 AD3d 1157, 1158 [2012], lv denied 20 NY3d 1010 [2013]).

Finally, to the extent that defendant contends that the underlying violation of probation "is not supported by sufficient evidence," we are satisfied – upon reviewing the testimony offered at the hearing – that the People established, by a preponderance of the evidence, that defendant violated the terms and conditions of his probation (see People v Eggsware, 125 AD3d 1057, 1057-1058 [2015], lv denied 25 NY3d 1162 [2015]; People v Pixley, 117 AD3d 1102, 1103 [2014], lv denied 24 NY3d 1087 [2014]). Accordingly, the judgment is affirmed.

McCarthy, J.P., Rose, Devine and Clark, JJ., concur.

ORDERED that the judgment is affirmed.



ENTER:

Robert D. Mayberger
Clerk of the Court