Peters, P.J.
Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered September 19, 2013, which revoked defendant’s probation and imposed a sentence of imprisonment.
In 2009, defendant was sentenced to five years of probation upon his conviction of burglary in the third degree.* In January 2013, while on probation, defendant was arrested at a residence in Schenectady County and charged with multiple crimes, the most serious of which was criminal possession of a controlled substance in the first degree, after police officers executed a search warrant and recovered a handgun and a large quantity of cocaine. Thereafter, defendant was charged with violating certain conditions of his probation, some that pertained to his arrest and others that did not. Following an evidentiary hearing, County Court found that he violated a number of these conditions, revoked his probation and resen-tenced him to 2 to 6 years in prison on the underlying crime. Defendant now appeals.
Preliminarily, it is to be noted that “[a] violation of probation *1462 proceeding is summary in nature and a sentence of probation may be revoked if the defendant has been afforded an opportunity to be heard and the court determines by a preponderance of the evidence that a condition of the probation has been violated” (People v DeMarco, 60 AD3d 1107, 1108 [2009] [internal quotation marks and citations omitted]; see CPL 410.70 [3]; People v Rockefeller, 79 AD3d 1527, 1527 [2010], lv denied 16 NY3d 862 [2011]). Here, the probation officer overseeing defendant’s case testified that defendant was discharged from the offender workforce development program, which he was required to complete as a condition of his probation, when he failed to attend the first class. This was verified by documentation provided by the Albany County Probation Department. The officer further testified that he obtained information from the Division of Criminal Justice Services that defendant was arrested in January 2013, a violation of another condition of defendant’s probation, and that he received the incident report prepared in connection therewith. Significantly, the police sergeant who was present at the time of defendant’s arrest gave detailed testimony concerning the circumstances and indicated that a quantity of cocaine and a handgun bearing defendant’s DNAwere recovered, violating additional conditions of defendant’s probation that prohibited him from possessing drugs or firearms. Furthermore, an affidavit that defendant signed before a notary public in which he admitted to possessing the handgun was read into the record at the hearing. In view of the foregoing, a preponderance of the evidence supports County Court’s finding that defendant violated certain conditions of his probation and that such violations justified revocation (see People v Turner, 136 AD3d 1111, 1112 [2016], lv denied 27 NY3d 1140 [2016]; People v Setzer, 83 AD3d 1123, 1124 [2011]).
Although defendant argues in his pro se brief that the revocation must be overturned because the evidence seized during the search was subsequently ruled inadmissible in his criminal case due to a defective search warrant, we are not persuaded. The proceedings in defendant’s criminal case are not disposi-tive here as “the more limited purpose of a probation revocation proceeding ‘is to determine if defendant’s subsequent acts violate the conditions of the original sentence not whether the acts constitute a crime’ ” (People v Ruff, 50 AD3d 1167, 1168 [2008], quoting Matter of Darvin M. v Jacobs, 69 NY2d 957, 959 [1987]).
As for the term of imprisonment imposed upon resentencing, we find no merit to defendant’s claim that it is harsh and exces *1463 sive. Given defendant’s criminal history and the situation that he placed himself in at the time of his arrest, we find no extraordinary circumstances or any abuse of discretion warranting a reduction of the resentence in the interest of justice (see People v Washington, 138 AD3d 1246, 1247-1248 [2016]; People v Rockefeller, 79 AD3d at 1528). Defendant’s remaining contentions have been considered and found to be without merit.
McCarthy, Garry, Rose and Aarons, JJ., concur.
Ordered that the judgment is affirmed.

 Although, defendant was sentenced in Schenectady County, his probation supervision was subsequently transferred to Albany County.