Clark, J.
 

 Appeal from a judgment of the County Court of Albany County (Ceresia, J.), rendered March 27, 2015, which revoked defendant’s probation and imposed a sentence of imprisonment.
 

 In September 2013, defendant was sentenced to five years of probation upon his conviction of attempted criminal possession of a weapon in the third degree stemming from a domestic altercation with the mother of his children. Upon sentencing, an order of protection was also issued against defendant in favor of the mother. In October 2014, while on probation, defendant had a verbal and physical altercation with the mother and was subsequently arrested and charged with harassment, petit larceny and felony criminal contempt. Thereafter, defendant was charged with violating the conditions of his probation that prohibited him from committing any additional crimes and required him to abide by all active orders of protection. Following an evidentiary hearing, County Court found that defendant violated these conditions, revoked his probation and resentenced defendant to 1 to 3 years in prison. Defendant now appeals.
 

 We affirm. “[A] violation of probation proceeding is summary in nature and a sentence of probation may be revoked if the defendant has been afforded an opportunity to be heard and the court determines by a preponderance of the evidence that a condition of the probation has been violated” (People v Jordan, 148 AD3d 1461, 1461-1462 [2017] [internal quotation marks and citations omitted]; see CPL 410.70 [3]; People v Beauvais, 101 AD3d 1488, 1489 [2012]; People v Rockefeller, 79 AD3d 1527, 1527 [2010], lv denied 16 NY3d 862 [2011]). “Hearsay evidence is admissible and may be considered, but it cannot alone support a finding of a probation violation” (People v Coupe, 124 AD3d 1141, 1142 [2015]; see People v Wiggins, 151 AD3d 1859, 1860 [2017], lv denied 30 NY3d 954 [2017]; People v Bevilacqua, 91 AD3d 1120, 1120 [2012]).
 

 At the hearing, defendant’s probation officer testified that she reviewed with defendant the terms and conditions of his probation and that, by signing an order and conditions of probation, defendant acknowledged his receipt and understanding of the terms and conditions of his probation. While much of the remaining evidence, including testimony from the 911 dispatcher who received the 911 call from the mother after the incident, testimony from the maternal grandfather as to the mother’s statements shortly after the encounter and the mother’s recorded 911 call, was hearsay, said evidence was properly considered by County Court under the excited utterance exception to the hearsay rule (see People v Haskins, 121 AD3d 1181, 1183-1184 [2014], lv denied 24 NY3d 1120 [2015]; People v Auleta, 82 AD3d 1417, 1418-1419 [2011], lv denied 17 NY3d 813 [2011]; People v Nelson, 266 AD2d 725, 726 [1999], lv denied 95 NY2d 801 [2000]). To the extent that the responding officer’s testimony regarding the mother’s statements two hours after the incident constitutes hearsay and does not fall under the excited utterance exception, we note that such evidence did not provide the sole basis for County Court’s violation finding (see People v Coupe, 124 AD3d at 1142; compare People v DeMoney, 55 AD3d 953, 954 [2008]). According appropriate deference to County Court’s credibility determinations, we find that the record evidence amply supports the finding that defendant violated the terms of his probation (see People v Filipowicz, 111 AD3d 1022, 1022-1023 [2013], lv denied 22 NY3d 1156 [2014]; compare People v DeMoney, 55 AD3d at 954).
 

 We find no merit to defendant’s further claim that the term of imprisonment imposed upon resentencing is harsh and excessive. Given defendant’s criminal history, lack of remorse and the fact that his violation of probation involved the same victim as his underlying conviction, we find no extraordinary circumstances or any abuse of discretion warranting a reduction of the resentence in the interest of justice (see People v Washington, 138 AD3d 1246, 1247-1248 [2016]; People v Rockefeller, 79 AD3d at 1528). Defendant’s remaining contentions have been considered and found to be without merit.
 

 Egan Jr., J.P., Devine, Mulvey and Rumsey, JJ., concur.
 

 Ordered that the judgment is affirmed.