People v Finch (2018 NY Slip Op 02676)





People v Finch


2018 NY Slip Op 02676


Decided on April 19, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 19, 2018

108403

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
KYLE J. FINCH, Appellant.

Calendar Date: February 16, 2018

Before: McCarthy, J.P., Egan Jr., Devine, Clark and Rumsey, JJ.


Michelle E. Stone, Vestal, for appellant.
Stephen K. Cornwell Jr., District Attorney, Binghamton (Stephen Ferri of counsel), for respondent.


Devine, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Broome County (Northrup Jr., J.), rendered April 7, 2016, which revoked defendant's probation and imposed a sentence of imprisonment.
In June 2015, defendant was convicted of the crimes of failure to register as a sex offender and attempted rape in the third degree and was sentenced to an aggregate term of probation of six years. The probation conditions imposed on each conviction varied and, in September 2015, defendant was charged with violating certain conditions of both terms of probation in that he failed to undergo a substance abuse evaluation and was arrested for new crimes. Following an evidentiary hearing, County Court (Smith, J.) found that defendant had violated the conditions of his probation that were imposed on both
convictions. County Court (Northrup Jr., J.) subsequently revoked defendant's probation and resentenced him to an aggregate prison term of 1 to 3 years. Defendant now appeals.
We affirm. "A violation of probation proceeding is summary in nature and a sentence of probation may be revoked if the defendant has been afforded an opportunity to be heard and the court determines by a preponderance of the evidence that a condition of the probation has been violated" (People v Simpson, 155 AD3d 1246, 1246-1247 [2017] [internal quotation marks, brackets and citations omitted]; see People v Jordan, 148 AD3d 1461, 1461-1462 [2017]). "Hearsay evidence is admissible and may be considered, but it cannot alone support a finding of a probation violation" (People v Coupe, 124 AD3d 1141, 1142 [2015] [citations omitted]; [*2]accord People v Simpson, 155 AD3d at 1247).
Defendant's probation officer, the sole witness at the hearing, testified that he went over the conditions of probation for each conviction with defendant. A condition of probation imposed upon the attempted rape conviction required defendant to "undergo, cooperate, [and] complete . . . a substance abuse evaluation/treatment, as arranged and required by the Probation Department." Defendant failed to complete the required substance abuse evaluation, with the probation officer testifying that he repeatedly raised the issue with defendant and that defendant admitted to not attending appointments to undergo one (see People v Spady, 25 AD3d 881, 882 [2006]; People v Rushin, 196 AD2d 835, 836 [1993], lv denied 82 NY2d 808 [1993]).
The terms of probation for both convictions further required defendant to avoid any violations of the law and, in any case, his "commission of an additional criminal offense constitutes a ground for revocation of such probationary sentence irrespective of whether such fact is specified as a condition of the sentence" (People v York, 2 AD3d 1158, 1159 [2003] [internal quotation marks, brackets and citation omitted]; see CPL 410.10 [2]; People v Britton, 158 AD2d 932, 933 [1990], appeal dismissed 76 NY2d 785 [1990]). The probation officer testified that, as the result of an incident wherein defendant sent a photograph of his genitals to a 14-year-old girl, defendant was arrested by the State Police for disseminating indecent material to a minor in the second degree and endangering the welfare of a child. The State Police provided the probation officer with investigative materials that included a videotaped interrogation in which defendant admitted to sending the lewd photograph. The probation officer testified to watching the video and observing defendant make those admissions. The probation officer was free to testify to his observations of the video, but his testimony implicated the hearsay rule insofar as he related defendant's "extrajudicial utterances" (People v Clark, 203 AD2d 935, 936 [1994], lv denied 83 NY2d 965 [1994]; see People v Giarraputo, 37 Misc 3d 486, 487-488 [Crim Ct, Richmond County 2012]). Nevertheless, those utterances fell within an exception to the hearsay rule as admissions against interest (see People v Castellanos, 65 AD3d 555, 557 [2009], lv denied 13 NY3d 858 [2009]; People v Harris, 148 AD2d 469, 469 [1989]; see also People v Simpson, 155 AD3d at 1247). Thus, even assuming that County Court (Smith, J.) erred in finding that the foregoing conduct violated other terms of defendant's probation on the failure to register as a sex offender conviction that were not explicitly referenced in the probation violation report, a preponderance of the evidence supported the finding that he had violated the terms of probation imposed on both convictions (see CPL 410.70 [3]; People v Simpson, 155 AD3d at 1247; People v Jordan, 148 AD3d at 1462; People v Bower, 9 AD3d 603, 604 [2004], lv denied 3 NY3d 704 [2004]).
McCarthy, J.P., Egan Jr., Clark and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.