People v Thomas (2018 NY Slip Op 05377)





People v Thomas


2018 NY Slip Op 05377


Decided on July 19, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 19, 2018


[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent, 
v
MYCHAEL THOMAS, Appellant.

Calendar Date: May 29, 2018

Before: Garry, P.J., McCarthy, Clark, Rumsey and Pritzker, JJ.


The Kindlon Law Firm, PLLC, Albany (Lee C. Kindlon of counsel), for appellant.
P. David Soares, District Attorney, Albany (Vincent Stark of counsel), for respondent.



MEMORANDUM AND ORDER
Garry, P.J.
Appeal from a judgment of the County Court of Albany County (Lynch, J.), rendered July 2, 2015, which revoked defendant's probation and imposed a sentence of imprisonment.
In November 2014, defendant was adjudicated a youthful offender and was sentenced in Rensselaer County to five years of probation following his guilty plea to criminal possession of a weapon in the second degree. The charge stemmed from defendant and three codefendants firing shots at a residence. In February 2015, defendant pleaded guilty to attempted criminal sale of a controlled substance in the third degree in Albany County and was sentenced, as an adult, to five years of probation, with the sentence to run concurrently with the Rensselaer County sentence.
In May 2015, the Albany County Department of Probation filed two violation of probation petitions, both alleging that defendant had violated the conditions of his probation by, among other things, being charged with possessing a weapon on or about April 18, 2015 and violating curfew on two occasions. Following a hearing, County Court found that defendant had violated the conditions of his probation requiring defendant to observe a curfew and refrain from possessing any firearms or engaging in illegal activity. County Court thereafter revoked defendant's probation and resentenced defendant to 1&frac13; to 4 years in prison on the criminal possession of a weapon conviction and 5½ years in prison, to be followed by two years of postrelease supervision, on the attempted criminal sale of a controlled substance conviction, with the sentences to run consecutively. Defendant appeals.
We affirm. "[A] violation of probation proceeding is summary in nature and a sentence of probation may be revoked if the defendant has been afforded an opportunity to be heard and the court determines by a preponderance of the evidence that a condition of the probation has been violated" (People v Jangrow, 34 AD3d 991, 991-992 [2006]; accord People v Simpson, 155 AD3d 1246, 1246-1247 [2017]). Defendant's probation officer testified that he reviewed the conditions of probation with defendant, which included that he refrain from committing other crimes or engaging in illegal activity and observe a curfew from 9:00 p.m. to 6:00 a.m. The [*2]probation officer testified that he met with defendant concerning a report that he was in a car that was stopped by a City of Albany police officer at approximately 10:00 p.m. on March 19, 2015 and that defendant admitted to the probation officer that he had violated his curfew that night. The probation officer further testified that he visited defendant's residence at 9:07 p.m. on May 6, 2015 and defendant did not answer the door.
Regarding defendant being charged with criminal possession of a weapon while on probation, two City of Albany police detectives testified that they were investigating a series of shootings between certain residents of the City of Albany and residents of the City of Troy, Rensselaer County, including a shooting that occurred outside a bar in Albany at approximately 2:00 a.m. on April 18, 2015. One of the detectives testified that he obtained video footage of the shooting that depicted an individual walking behind the victim with his arm raised and then a muzzle flash coming from his hand. Both detectives testified that defendant identified himself as the individual in the video that was walking behind the victim, although he denied firing a gun. In light of the foregoing, we find that a preponderance of the evidence supports the finding that defendant had violated certain conditions of his probation justifying revocation (see People v Jordan, 148 AD3d 1461, 1462 [2017]; People v Soprano, 27 AD3d 964, 965 [2006]). Although it is undisputed that defendant was subsequently acquitted after a jury trial on the new charge of criminal possession of a weapon, "there is no inherent contradiction between a determination that the defendant violated his probation and a verdict acquitting him of the criminal offenses which formed the basis of the violation, inasmuch as the two matters are subject to different standards of proof" (People v Brown, 268 AD2d 592, 593 [2000], lv denied 94 NY2d 945 [2000]; see People v Ruff, 50 AD3d 1167, 1168 [2008]).
We reject defendant's contention that the sentences imposed were harsh and excessive. Defendant was afforded an opportunity to avoid incarceration, but demonstrated an inability to comply with the terms of probation in the brief time that he was on probation. On the record before us, we find no abuse of discretion or extraordinary circumstances warranting a reduction of the sentences in the interest of justice (see People v Cook, 133 AD3d 1048, 1048 [2015]; People v McQuality, 95 AD3d 1369, 1371 [2012], lv denied 20 NY3d 1013 [2013]).
McCarthy, Clark, Rumsey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.