People v Deming (2019 NY Slip Op 03107)





People v Deming


2019 NY Slip Op 03107


Decided on April 25, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 25, 2019

109346

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
CHRISTOPHER DEMING, Appellant.

Calendar Date: March 19, 2019

Before: Lynch, J.P., Clark, Mulvey, Aarons and Rumsey, JJ.


Linda B. Johnson, East Greenbush, for appellant.
Mary Pat Donnelly, District Attorney, Troy (Jacob B. Sher of counsel), for respondent.



MEMORANDUM AND ORDER
Aarons, J.
Appeal from a judgment of the County Court of Rensselaer County (Cholakis, J.), rendered January 31, 2017, which revoked defendant's probation and imposed a sentence of incarceration.
In 2015, defendant pleaded guilty to criminal contempt in the second degree, waived his right to appeal and was sentenced to three years of probation, and a stay-away order of protection was issued in favor of the domestic violence victim. In November 2016, a violation of probation (hereinafter VOP) petition was filed charging defendant with violating several of the terms and conditions of his probation, and a declaration of delinquency was filed. After a hearing (see CPL 410.70 [1]), County Court determined that defendant had violated the conditions of his probation by failing to complete a batterer's intervention program and continuing to abuse marihuana while failing to obtain substance abuse treatment. Defendant was sentenced to one year in jail, and this appeal ensued.
We affirm. Contrary to defendant's contention, the People proved by a preponderance of the evidence that he violated numerous conditions of his probation (see CPL 410.70 [3]; People v Simpson, 155 AD3d 1246, 1246-1247 [2017]). One of the domestic violence conditions (No. 10) required that defendant "[p]articipate in and successfully complete a domestic violence/batterer's intervention/men's accountability program as directed by [his p]robation [o]fficer." Defendant argues that the People did not adequately prove that he violated this condition because the VOP petition did not specify a required completion date for this program. Initially, defendant did not challenge the allegation in the VOP petition on this ground at either of the appearances or at the hearing and, thus, any challenge to the petition is unpreserved (see CPL 470.05 [2]; People v McMillan, 166 AD3d 1231, 1232 [2018]).
Moreover, defendant's challenge to the sufficiency of the proof lacks merit. At the hearing, defendant's probation officer testified that he had explained to defendant and [*2]reviewed with him the terms and conditions of probation, including the requirement to attend a domestic violence or similar batterer's program. The probation officer testified that, as of the time that the VOP petition was filed, defendant had only paid an intake fee for a batterer's intervention program and he did not thereafter engage in or complete that program, although his probation officer repeatedly directed him to do so. Given that defendant was advised at the outset of the terms and conditions of probation and had been on probation for approximately 16 months before the VOP petition was filed, the record supports the conclusion that he was provided ample notice of what was required and afforded a more than reasonable opportunity to satisfy this condition. Further, his belated, unsuccessful efforts to enroll after the VOP petition was filed did not cure his protracted and willful failure to comply with this condition.
Likewise, defendant's probation officer recounted that he performed drug tests on defendant, that defendant tested positive for marihuana on three occasions while on probation and that, each time, he admitted smoking marihuana in violation of one of the alcohol/substance abuse conditions (No. 2). Notably, hearsay evidence did not serve as the sole support for County Court's finding that defendant had violated probation, as the probation officer testified to personally performing the drug tests and defendant's statements to the probation officer were properly admitted as admissions against his interest (see People v Finch, 160 AD3d 1212, 1213-1214 [2018]; People v Simpson, 155 AD3d at 1247; People v Hare, 124 AD3d 1148, 1148 [2015], lv denied 26 NY3d 929 [2015])[FN1]. Although defendant reportedly made an appointment for a substance abuse evaluation after the initial appearance on the VOP petition, his probation officer testified that he had not completed such evaluation or treatment during the extended period of time that he was on probation. Accordingly, affording deference to County Court's determination to credit the officer's testimony, the court's finding that defendant violated the conditions of probation was supported by a preponderance of the evidence (see People v Simpson, 155 AD3d at 1247-1248; People v Turner, 136 AD3d 1111, 1112 [2016], lv denied 27 NY3d 1140 [2016]; People v Eggsware, 125 AD3d 1057, 1057 [2015], lv denied 25 NY3d 1162 [2015]). Defendant's remaining contentions have been considered and lack merit.
Lynch, J.P., Clark, Mulvey and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: Defendant also argues that County Court erred in permitting the probation officer to testify regarding a November 6, 2016 domestic incident report against defendant that was relevant to the charge in the VOP petition that defendant had failed to report police contact within 24 hours, in that it was hearsay. However, the court did not rely on that report or make any finding on that allegation.