(May 28, 2009)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STANLEY HUNTER, Appellant. [879 NYS2d 626]—

Rose, J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered October 26, 2006, which revoked defendant's probation and imposed a sentence of imprisonment.

Defendant pleaded guilty to burglary in the third degree and was sentenced in 2005 to six months in jail and five years of probation. One of the terms of his probation was the imposition of a 6:00 P.M. curfew "unless you are working, and in counseling, or going to school or church." County Court subsequently found that defendant had violated that term and, accordingly, revoked his probation and resentenced him to a prison term of $2^{1}/_{3}$ to 7 years. Defendant appeals.

The People were required to prove by a preponderance of the evidence that defendant violated a condition of his probation (*see* CPL 410.70 [3]; *People v DeMoney*, 55 AD3d 953, 954 [2008]). Defendant contends that the People failed to meet this obligation by presenting only hearsay evidence of his violation of the curfew. While it is true that hearsay evidence alone will not support the finding of a probation violation (*see People v DeMoney*, 55 AD3d at 954), the arrest report offered here was not hearsay evidence because it came within an exception to the hearsay rule (*see* CPLR 4518 [a]; *People v Maldonado*, 44 AD3d 793, 794 [2007], *lv denied* 9 NY3d 1035 [2008]; *Westchester Med. Ctr. v State Farm Mut. Auto. Ins. Co.*, 44 AD3d 750, 753 [2007]). Inasmuch as the arrest report includes a police officer's personal observations that defendant was "highly intoxicated" and screaming in the middle of a road at approximately 2:30 A.M., County Court could readily infer from those observations that none of the enumerated exceptions to defendant's curfew was the cause of his presence on the street at that time.

Defendant also contends that his resentence was harsh and excessive. Given the seriousness of the underlying crime, defendant's criminal history and his demonstrated inability to comply with the terms of his probation, we perceive neither an abuse of discretion by County Court nor the presence of extraordinary circumstances that would warrant a reduction of the resentence (*see People v Morris*, 249 AD2d 628, 628-629 [1998]; *People v McCowan*, 226 AD2d 759, 759-760 [1996], *lv denied* 88 NY2d 938 [1996]).

Defendant's remaining contentions with regard to the interpretation and alleged waiver of the probation term imposing a curfew are not preserved for our review given his failure to raise them before County Court (*see* CPL 470.05 [2]; *see e.g. People v Serrano*, 269 AD2d 219, 220 [2000], *lv denied* 95 NY2d 857 [2000]).

Mercure, J.P., Malone Jr., Stein and Garry, JJ., concur. Ordered that the judgment is affirmed.