Spain, J.
Appeals (1) from a judgment of the County Court of Ulster County (McGinty, J.), rendered June 30, 2010, which revoked defendant’s probation and imposed a sentence of imprisonment, and (2) from a judgment of said court, rendered February 23, 2011, which resentenced defendant.
In 2008, defendant pleaded guilty to rape in the second degree and criminal contempt in the first degree and was sentenced to an aggregate term of probation of 10 years. In addition, a 10-year order of protection was issued precluding defendant from having any contact with the victim. In 2010, defendant’s probation officer filed an affidavit of violation of probation alleging that, while defendant was incarcerated at the Ulster County jail on an unrelated matter, he enlisted another inmate to call the rape victim several times, thereby violating conditions of his probation requiring him to refrain from the commission of any crimes, refrain from contact with the victim and abide by the terms of any order of protection. Following a hearing at which County Court found that defendant violated his probation, the court revoked his probation and imposed concurrent prison sentences of five years on the rape conviction and lVs to 4 years on the criminal contempt conviction. Recognizing that the sentence imposed upon the rape conviction was not authorized, County Court resentenced defendant to a prison term of 2V3 to 7 years on that conviction. Defendant now appeals.
Contrary to defendant’s claims, the People proved by a preponderance of the evidence that defendant violated a condition of his probation (see CPL 410.70 [3]; People v Bevilacqua, 91 AD3d 1120, 1120 [2012]; People v Hunter, 62 AD3d 1207, 1208 [2009]; People v DeMarco, 60 AD3d 1107, 1108 [2009]). Hearsay evidence is admissible in probation violation proceedings, although such evidence will not alone support the finding *1023 of a violation (see People v Bevilacqua, 91 AD3d at 1120; People v Hunter, 62 AD3d at 1208). In this case, in addition to the probation officer’s hearsay testimony and the terms of defendant’s probation, nonhearsay evidence was submitted through the testimony of the inmate witness, who placed the phone calls to the victim at defendant’s behest, and the victim’s mother, who had firsthand knowledge of the phone calls. According appropriate deference to County Court’s credibility determinations, we find that the record amply supports the finding that defendant violated the terms of his probation (see People v DeMarco, 60 AD3d at 1108). Given the seriousness of the underlying crime, defendant’s criminal history and his demonstrated inability to abide by the terms of his probation, we find no abuse of discretion in County Court’s resentence, nor do we perceive any extraordinary circumstances that would warrant a reduction of the resentence (see People v D'Entremont, 95 AD3d 1507, 1508-1509 [2012], lv denied 19 NY3d 1025 [2012]; People v Hunter, 62 AD3d at 1208). Defendant’s remaining contention, that County Court erred in denying his motion to dismiss or hold the proceeding in abeyance until resolution of pending criminal charges, is unavailing (see People v Conway, 263 AD2d 548, 549 [1999], lv denied 94 NY2d 861 [1999]; see also People v Ruff, 50 AD3d 1167, 1168 [2008]).
Stein, J.E, McCarthy and Garry, JJ., concur. Ordered that the judgments are affirmed.