People v Kelly (2022 NY Slip Op 00695)





People v Kelly


2022 NY Slip Op 00695


Decided on February 3, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:February 3, 2022

110914
[*1]The People of the State of New York, Respondent,
v
Stephen Kelly, Appellant.

Calendar Date:January 10, 2022

Before:Egan Jr., J.P., Clark, Pritzker and Colangelo, JJ.

Stephen W. Herrick, Public Defender, Albany (James A. Bartosik Jr. of counsel), for respondent.
P. David Soares, District Attorney, Albany (Jonathan P. Catania of counsel), for respondent.



Colangelo, J.
Appeal from a judgment of the Supreme Court (Breslin, J.), rendered August 6, 2018 in Albany County, which revoked defendant's probation and imposed a sentence of imprisonment.
Defendant pleaded guilty to one count of burglary in the third degree and, in July 2017, received a split sentence of six months in jail and five years of probation — subject to various terms and conditions, including that defendant refrain from committing any new offenses. The underlying charge stemmed from defendant cutting a window screen, entering a local hotel room and stealing a laptop. Defendant was released from jail shortly after sentencing and, approximately six weeks later, was arrested and charged with attempted burglary in the second degree after he reached through another hotel window and, during the course of doing so, awakened the state trooper who was staying there. As a result, defendant was charged with violating two conditions of his probation — refraining from committing new offenses and failing to maintain full-time employment. Following a hearing, defendant was found to have violated the terms of his probation by committing a new crime and thereafter was sentenced to a prison term of 2 to 6 years. This appeal ensued.
We affirm. "A violation of probation proceeding is summary in nature and a sentence of probation may be revoked if the defendant has been afforded an opportunity to be heard and the court determines by a preponderance of the evidence that a condition of the probation has been violated" (People v October, 187 AD3d 1247, 1248 [2020] [internal quotation marks and citations omitted], lv denied 36 NY3d 930 [2020]; accord People v Thomas, 163 AD3d 1293, 1294 [2018], lv denied 32 NY3d 1068 [2018]). Here, the People sought to establish that defendant violated the terms and conditions of his probation by committing a new offense — specifically, attempted burglary in the second degree. As relevant here, "[a] person is guilty of burglary in the second degree when he [or she] knowingly enters or remains unlawfully with intent to commit a crime therein, and when . . . [t]he building is a dwelling" (Penal Law § 140.25 [2]), and "[a] person is guilty of an attempt to commit a crime when, with intent to commit a crime, he [or she] engages in conduct [that] tends to effect the commission of such crime" (Penal Law § 110.00; see People v Terry, 196 AD3d 840, 841 [2021], lvs denied 37 NY3d 1027, 1030 [2021]). In this regard, it is well settled that "[i]ntent may be inferred from defendant's conduct and the surrounding circumstances" (People v Jasiewicz, 162 AD3d 1398, 1401 [2018], lv denied 32 NY3d 1005 [2018]; see People v Spencer, 152 AD3d 863, 864 [2017], lv denied 30 NY3d 983 [2017]). Notably, "the intent necessary for burglary can be inferred from the circumstances of the entry itself" (People v Mackey, 49 NY2d at 280; accord People v Ocasio, 167 AD3d 412, 412 [2018], lv denied 32 NY3d 1208 [2019]). Finally, the entry requirement of the [*2]statute is satisfied "when a person intrudes within a building, no matter how slightly, with any part of his or her body" (People v King, 61 NY2d 550, 555 [1984]; accord People v McFarland, 106 AD3d 1129, 1130 [2013], lv denied 22 NY3d 1140 [2014]).
The trooper testified that, shortly after midnight on the morning in question, he was awakened by a loud noise. As he became fully awake, he heard more noises coming from the direction of the window in the hotel room. Upon looking in that direction, he saw the "silhouette of a body at the window," noticed movement in the curtain covering the window and saw an arm push through the open window and disturb the curtain. The trooper attributed the loud noise to the destruction of the accompanying window screen, which he later observed to be broken, but he could not recall whether the window was open prior to this incident, nor was he aware of whether the window screen was broken prior thereto.
For his part, defendant readily admitted being at the hotel on the morning in question and testified that he had been sitting in the hotel lobby utilizing the Wi-Fi connection from a restaurant located across the street from the hotel. After defendant went outside to smoke a cigarette, he became "curious" about the hotel's window coverings, which appeared to him to be either a curtain, a shade or some sort of partition. In furtherance of his stated desire to "get a better view" of the window covering, he walked to the room where the trooper was sleeping, "open[ed] [the] window" and "reach[ed] in briefly" to touch the curtain. According to defendant, he did not remove the window screen because no screen was present.
Contrary to defendant's assertion, his own testimony was sufficient to establish, by a preponderance of the evidence, that he violated the terms and conditions of his probation by engaging in the crime of attempted burglary in the second degree. Defendant's admission that he reached through the window that he in turn opened was sufficient to satisfy the entry element of the statute (see e.g. People v Clarke, 233 AD2d 831, 832 [1996], lvs denied 89 NY2d 1010 [1997], 90 NY2d 856 [1997]), and defendant's stated explanation for doing so — that he was curious about the fabric comprising the window covering — is unworthy of belief. Such entry, coupled with the surrounding circumstances — namely, defendant's middle-of-the-night decision to open a window to a hotel room that he was not occupying and reach through that window — satisfied the intent element of the statute (see id. at 832). Accordingly, we discern no basis upon which to disturb Supreme Court's finding that defendant violated his probation in this respect.
To the extent that defendant contends that Supreme Court erred in allowing testimony regarding the stolen property that defendant allegedly possessed at the time of his arrest, we find any such error in this regard to be harmless — particularly given that Supreme Court's oral findings [*3]reflect that it did not consider such proof in reaching its determination. Finally, given defendant's extensive criminal history, we discern no extraordinary circumstances or abuse of the discretion warranting a reduction of the sentence imposed (see People v McFadden, 127 AD3d 1340, 1341 [2015], lv denied 26 NY3d 932 [2015]; People v Oehler, 52 AD3d 955, 957 [2008], lv denied 11 NY3d 792 [2008]). Defendant's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Egan Jr., J.P., Clark and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.