People v Deere (2023 NY Slip Op 01710)

People v Deere

2023 NY Slip Op 01710

Decided on March 30, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 30, 2023

112883
[*1]The People of the State of New York, Respondent,
v
Karmelia Deere, Appellant.

Calendar Date:February 22, 2023

Before:Garry, P.J., Egan Jr., Aarons, Reynolds Fitzgerald and Ceresia, JJ.

Steven W. Herrick, Public Defender, Albany (Alexandria L. Girimonte of counsel), for appellant.
P. David Soares, District Attorney, Albany (Jonathan P. Catania of counsel), for respondent.

Egan Jr., J.
Appeal from a judgment of the Supreme Court (Roger D. McDonough, J.), rendered May 18, 2021 in Albany County, which revoked defendant's probation and imposed a sentence of imprisonment.
In February 2020, defendant was sentenced to five years of probation following her plea of guilty, in satisfaction of a two-count indictment, to the reduced charge of attempted assault in the second degree. On November 20, 2020, a probation violation petition was filed alleging that defendant violated various general and special conditions of her probation. As is relevant to this appeal,[FN1] the petition charged defendant with violating conditions 1 and 4 in that she failed to report a new address to the Probation Department and failed to maintain a residence approved by the Probation Department given that she left the shelter where she was residing in October 2020 without informing the Probation Department and that her whereabouts at the time of the filing of the violation petition were unknown. Defendant was also charged with violating special condition 12, which required that she submit to a mental health evaluation, because she, among other things, did not report for her medication injection on November 10, 2020. Following a hearing in May 2021, Supreme Court determined that defendant had violated the conditions of probation, revoked her probation and imposed a prison term of 1 to 3 years. Defendant appeals.
We are unpersuaded by defendant's contention that her violation of probation was not established by a preponderance of the evidence. Although defendant is correct that a probation violation may not be established solely based on hearsay evidence, hearsay evidence is, nevertheless, admissible at a probation violation hearing and may be considered with other evidence in establishing a probation violation by a preponderance of the evidence (see People v Eggsware, 125 AD3d 1057, 1057 [3d Dept 2015], lv denied 25 NY3d 1162 [2015]; People v Spragis, 5 AD3d 814, 815 [3d Dept 2004], lv denied 2 NY3d 807 [2004]). There is no dispute that defendant was aware of all of the conditions of her probation, as she signed the order and condition of probation on the day that she was sentenced to probation by Supreme Court and, again, when she ultimately met with her probation officer. With regard to the conditions that defendant did not report a new address to or maintain a residence approved by the Probation Department (specifically, conditions 1 and 4), the testimony from the probation officer, as well as the probation officer's case notes, establish that defendant was provided living quarters at an approved shelter. Shortly after her placement there and without notifying the Probation Department, however, defendant left the shelter on October 20, 2020 and her whereabouts remained unknown at the time the violation of probation petition was filed on November 20, 2020. Moreover, defendant admitted that she left the shelter and did not communicate with the Probation Department [*2]about her departure.
As to the violation of special condition 12 requiring defendant to comply with her mental health treatment evaluation, although the probation officer's case notes contain hearsay reports that defendant was not compliant with her mental health treatment, including that she did not keep telehealth appointments and did not report for her medical injections, this evidence was not the sole basis supporting Supreme Court's finding that defendant violated the special condition. The probation officer testified that neither she nor the mental health treatment coordinator knew of defendant's whereabouts after defendant left the shelter and that efforts to contact defendant by telephone were unsuccessful. Moreover, defendant testified that she was "not sure" if she complied with reporting for her required monthly shots and acknowledged that, although she called her mental health treatment coordinator, she was not successful in speaking with her. Accordingly, although hearsay evidence was used in establishing defendant's violation of the specified special condition, it was not the sole evidence used as defendant's own testimony provided support for the violation. In view of the foregoing, the court's finding that defendant violated the conditions of her probation was supported by a preponderance of the evidence (see CPL 410.70 [3]).
Finally, upon consideration of the relevant factors and the underlying criminal conduct, we are unpersuaded by defendant's contention that the resentence imposed was unduly harsh or severe (see CPL 470.15 [6] [b]). Accordingly, the judgment is affirmed.
Garry, P.J., Aarons, Reynolds Fitzgerald and Ceresia, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: To the extent that defendant challenges the charge in the violation of probation petition that she failed to report to her probation officer on specified dates in violation of condition 3, Supreme Court found that, absent any testimony regarding the specified dates, the generalized testimony was insufficient to support that charge.