People v O'Brien (2023 NY Slip Op 04799)

People v O'Brien

2023 NY Slip Op 04799

Decided on September 28, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 28, 2023

111704
[*1]The People of the State of New York, Respondent,
v
James W. O'Brien, Appellant.

Calendar Date:September 6, 2023

Before:Clark, J.P., Aarons, Reynolds Fitzgerald, Ceresia and Fisher, JJ.

Michael T. Baker, Public Defender, Binghamton (Nathan E. Schwartzman of counsel), for appellant.
Michael A. Korchak, District Attorney, Binghamton (Geoffrey B. Rossi of counsel), for respondent.

Reynolds Fitzgerald, J.
Appeal from a judgment of the County Court of Broome County (Joseph F. Cawley, J.), rendered August 8, 2019, which revoked defendant's probation and imposed a term of imprisonment.
In November 2008, defendant was convicted in Chenango County of possessing a sexual performance by a child and was sentenced to 10 years of probation. Defendant's probation, which subsequently was transferred to Broome County, was subject to various terms and conditions including, as relevant here, that he "[c]ommit no further violations of any state, local or federal laws." In May 2018, defendant was arrested on federal charges (transportation and possession of child pornography), as a result of which he was charged with violating his probation. Following a hearing in August 2019, County Court concluded that defendant had violated a condition of his release, revoked his probation and sentenced him to a prison term of 1 to 3 years. Defendant, who is incarcerated in a federal correctional facility, appeals.
"A violation of probation proceeding is summary in nature and a sentence of probation may be revoked if the defendant has been afforded an opportunity to be heard and the court determines by a preponderance of the evidence that a condition of the probation has been violated" (People v Kelly, 202 AD3d 1158, 1159 [3d Dept 2022] [internal quotation marks and citations omitted], lv denied 38 NY3d 1034 [2022]; accord People v Johnson, 173 AD3d 1446, 1448 [3d Dept 2019]; People v Finch, 160 AD3d 1212, 1213 [3d Dept 2018]). "The commission of an additional criminal offense constitutes a ground for revocation of probation irrespective of whether such fact is specified as a condition of probation, and a defendant need not be convicted of the additional criminal offense for it to serve as the basis for revocation of probation" (People v Johnson, 173 AD3d at 1448 [citations omitted]). As to the quantum of proof required, although a probation violation cannot be sustained based upon hearsay evidence alone (see People v Simpson, 155 AD3d 1246, 1247 [3d Dept 2017]; People v Hare, 124 AD3d 1148, 1148 [3d Dept 2015], lv denied 26 NY3d 929 [2015]), "hearsay evidence is, nevertheless, admissible at a probation violation hearing and may be considered with other evidence in establishing a probation violation by a preponderance of the evidence" (People v Deere, 214 AD3d 1266, 1267 [3d Dept 2023]).
As noted previously, the general terms and conditions of defendant's probation required that he "[c]ommit no further violations of any state, local or federal laws." The document in question bears defendant's signature, and the probation officer responsible for supervising defendant at the time of the underlying hearing testified that such terms and conditions would have been reviewed with defendant at the start of his probation. The probation officer further testified that he verified defendant's subsequent arrest on federal charges through records maintained by the Division of Criminal [*2]Justice Services (see CPLR 4518 [a]; People v Hunter, 62 AD3d 1207, 1208 [3d Dept 2009]) and authored the resulting violation of probation report. Additionally, the State Police investigator who assisted in the execution of a search warrant at defendant's residence testified that, during the course of his subsequent interview with defendant, defendant admitted that "he had kind of gotten back into" child pornography during the preceding five years, that he was interested in 14- or 15-year-old girls, that there was child pornography on some of his electronic devices and that he had received nude pictures from a 14-year-old girl — the very conduct that formed the basis for the federal charges. Defendant's admissions in this regard were properly received as statements against his interest (see People v Deming, 171 AD3d 1400, 1401 [3d Dept 2019], lv denied 33 NY3d 1104 [2019]; People v Finch, 160 AD3d at 1213-1214; People v Hare, 124 AD3d at 1148; People v Coupe, 124 AD3d 1141, 1142 [3d Dept 2015]; People v Holland, 95 AD3d 1504, 1505 [3d Dept 2012], lv denied 19 NY3d 974 [2012]). Upon reviewing the record as a whole, we are satisfied that County Court's finding that defendant violated the terms and conditions of his probation is supported by a preponderance of the evidence. Defendant's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Clark, J.P., Aarons, Ceresia and Fisher, JJ., concur.
ORDERED that the judgment is affirmed.