People v Steinberg (2023 NY Slip Op 05761)

People v Steinberg

2023 NY Slip Op 05761

Decided on November 16, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 16, 2023

113272
[*1]The People of the State of New York, Respondent,
v
Kevin R. Steinberg, Appellant.

Calendar Date:October 11, 2023

Before:Clark, J.P., Aarons, Reynolds Fitzgerald, Fisher and McShan, JJ.

John R. Trice, Elmira, for appellant.
Michael A. Korchak, District Attorney, Binghamton (Geoffrey B. Rossi of counsel), for respondent.

Clark, J.P.
Appeal from a judgment of the County Court of Broome County (Joseph F. Cawley, J.), rendered June 15, 2021, which revoked defendant's probation and imposed a term of imprisonment.
In September 2020, defendant was sentenced to five years of probation after pleading guilty to attempted assault in the second degree. In December 2020, defendant was arrested and charged with strangulation in the second degree stemming from an altercation with his girlfriend (hereinafter the victim). Thereafter, he was charged with violating certain conditions of his probation, including that he not violate the law. Following an evidentiary hearing, County Court found that defendant had violated that condition, revoked his probation and resentenced him to 1 to 3 years in prison. Defendant appeals.
We affirm. "A violation of probation proceeding is summary in nature and a sentence of probation may be revoked if the defendant has been afforded an opportunity to be heard and the court determines by a preponderance of the evidence that a condition of the probation has been violated" (People v Finch, 160 AD3d 1212, 1213 [3d Dept 2018] [internal quotation marks and citations omitted]; accord People v Kelly, 202 AD3d 1158, 1159 [3d Dept 2022], lv denied 38 NY3d 1034 [2022]). According to the written statement provided by the victim to the police officer who responded to her 911 call, she and defendant got into an argument and defendant choked her until she was unconscious. The responding officer testified that he observed red marks on the front of the victim's neck and that the victim spoke with a hoarse voice. The record also reflects that the victim called defendant's probation officer in the days following the incident and informed him that defendant had "choked [her] out." During the hearing, the victim presented a conflicting version of the incident, testifying that she attempted to leave the apartment during the argument, but defendant grabbed her briefly by the back of her neck and by her hand to stop her. Although this caused her to fall and hit her head on her daughter's fish tank, the victim asserted that defendant never choked her and that she did not lose consciousness.[FN1] County Court questioned the victim regarding the discrepancy between the two versions she provided, and the victim testified that when she informed the officers that she had been choked, she mistakenly believed that any contact with someone's neck constituted choking. In light of the record evidence regarding defendant's conduct, and giving deference to County Court's credibility determination regarding the victim's contradictory testimony (see People v Cruz, 35 AD3d 898, 899 [3d Dept 2006], lv denied 8 NY3d 845 [2007]; People v Ogden, 237 AD2d 652, 652 [3d Dept 1997]), we find no basis to disturb the court's determination that defendant violated his probation.
Aarons, Reynolds Fitzgerald, Fisher and McShan, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: The victim also testified that she punched defendant during the incident.