People v Terry (2025 NY Slip Op 03106)

People v Terry

2025 NY Slip Op 03106

Decided on May 22, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 22, 2025

CR-22-2232 CR-24-0745
[*1]The People of the State of New York, Respondent,
v
Jordan Terry, Appellant.

Calendar Date:April 29, 2025

Before:Egan Jr., J.P., Aarons, Reynolds Fitzgerald, Ceresia and Fisher, JJ.

Angela Kelley, East Greenbush, for appellant.
Karen A. Heggen, District Attorney, Ballston Spa (Jesse L. Ashdown of counsel), for respondent.

Aarons, J.
Appeals (1) from a judgment of the County Court of Saratoga County (James Murphy III, J.), rendered December 7, 2020, convicting defendant upon his plea of guilty of the crime of sexual abuse in the first degree, and (2) upon a judgment of said court, rendered June 28, 2022, which revoked defendant's probation and imposed a sentence of imprisonment.
Defendant was arrested and charged with criminal sexual act in the first degree. Defendant waived indictment and pleaded guilty, as charged in a superior court information, to sexual abuse in the first degree. The charges stem from his conduct at age 17 in subjecting a 13-year-old child to sexual contact by forcible compulsion. Pursuant to the terms of the plea agreement, which required a waiver of appeal, defendant was promised a sentence of time served, followed by a 10-year period of probation. The People acknowledged that defendant was eligible for youthful offender treatment, and, under the plea terms, County Court agreed to make a determination at sentencing whether to grant him youthful offender status. County Court thereafter declined to accord defendant youthful offender treatment and imposed the contemplated sentence of time served followed by 10 years of probation, and imposed terms and conditions of probation.
Months later, in February 2021, defendant was arrested and charged with harassment in the second degree and with violating the conditions of probation. Then, in March 2021, while police were executing a probation warrant, defendant became combative and was charged with resisting arrest and obstructing governmental administration. Defendant was subsequently charged in a second amended petition with violating the conditions of his probation, specifically, based upon the new criminal charges, his failure to answer reasonable inquiries from his probation officers and his failure to obey directives from his probation officers to ensure compliance with the conditions of probation. Following a hearing, County Court found that defendant had violated the conditions of probation, revoked his probation and sentenced him to a prison term of five years, to be followed by 10 years of postrelease supervision. Defendant appeals from the judgment of conviction and from the judgment revoking probation and imposing sentence.
We affirm. The People concede — and our review of the record confirms — that defendant's waiver of the right to appeal is invalid. As we have previously held in reviewing and finding an identical written waiver form invalid, the form "contained overbroad and inaccurate language" and County Court's cursory "oral colloquy was insufficient to cure the deficiencies in the written waiver [form] or otherwise convey to defendant that some appellate review survived" (People v Pike, 226 AD3d 1216, 1216 [3d Dept 2024] [internal quotation marks and citation omitted]; see People v Lester, 232 AD3d 1056, 1057 [3d Dept 2024]; People v Moore, 230 AD3d 1470, 1471 [3d Dept 2024]). In the absence [*2]of a valid appeal waiver, defendant's challenge to the denial of his request for youthful offender treatment is not precluded (see People v Lunt, 232 AD3d 1054, 1056 [3d Dept 2024]; People v Wimberly, 228 AD3d 1177, 1178 [3d Dept 2024], lv denied 42 NY3d 1022 [2024]).
"The decision to grant or deny youthful offender status rests within the sound exercise of the sentencing court's discretion to determine if in the opinion of the court the interest of justice would be served by relieving the eligible youth from the onus of a criminal record" (People v Vanderhorst, 235 AD3d 1089, 1090 [3d Dept 2025] [internal quotation marks and citations omitted]; see CPL 720.20 [1] [a]). "[L]ongstanding authority holds that the factors to be considered include the gravity of the crime and manner in which it was committed, mitigating circumstances, defendant's prior criminal record, prior acts of violence, recommendations in the presentence reports, defendant's reputation, the level of cooperation with authorities, defendant's attitude toward society and respect for the law, and the prospects for rehabilitation and hope for a future constructive life" (People v Cha-Narion D., 232 AD3d 1131, 1132-1133 [3d Dept 2024] [internal quotation marks and citation omitted]).
County Court fully discharged its duty to consider defendant for youthful offender treatment. The court considered the numerous mitigating factors put forth in favor of youthful offender treatment, including defendant's age, lack of a prior criminal record or history of violence, his acceptance of responsibility and expression of remorse, his mental health diagnoses, intellectual limitations and learning disability and his social circumstances. The court also reviewed the weighty factors militating against youthful offender treatment, most notably, the forcible nature of defendant's protracted sexual assault of the victim, which involved multiple sex acts. Contrary to defendant's argument, such acts are not "in the nature of youthful sexual exploration" (People v Lyman HH., 215 AD2d 847, 848 [3d Dept 1995]). The court further gave due consideration to the recommendation by the probation department against granting youthful offender status (see People v Carl, 188 AD3d 1304, 1307 [3d Dept 2020], lv denied 37 NY3d 954 [2021]), the risk assessment evaluation that placed him at moderate to high risk of reoffending and the concomitant need for him to be registered as a sex offender, and the lasting "extremely detrimental" effects of the assault on the victim's mental health as reflected in the compelling victim impact statement. Faced with a difficult task in which there were compelling factors that could support either result, County Court providently exercised its discretion in denying youthful offender treatment (see CPL 720.20). Further, given the nature of the underlying conduct and other documented factors, we are "unpersuaded that the factors identified by defendant warrant a substitution of our own discretion [*3]to grant defendant youthful offender status" (People v Lunt, 232 AD3d at 1056 [internal quotation marks and citation omitted]; compare People v Cha-Narion D., 232 AD3d at 1134).
As to the sufficiency of the proof that defendant violated the conditions of his probation, the People met their burden by a preponderance of the evidence (see CPL 410.70 [3]; People v O'Brien, 219 AD3d 1643, 1644 [3d Dept 2023]).[FN1] Defendant's violation of special condition No. 1, that he refrain from violating any laws, was established through the testimony of his probation officer and two police officers involved in the March 16, 2021 incident, who County Court credited, as well as the police report and video recording of the incident. As a result of that incident, defendant was charged with resisting arrest; a criminal conviction was not required (see People v O'Brien, 219 AD3d at 1644-1645). The remaining violation allegations, as found by the court, were proven through the testimony of the probation officer.
Defendant argues that County Court erred in admitting into evidence the client contact list, an exhibit that summarized the probation department's contact with and supervision of defendant, in that it was inadmissible hearsay. At the probation violation hearing, which is summary in nature, the court was permitted to "receive any relevant evidence not legally privileged" (CPL 410.70 [3]; see People v O'Brien, 219 AD3d at 1644). "[A]lthough a probation violation cannot be sustained based upon hearsay evidence alone, hearsay evidence is, nevertheless, admissible at a probation violation hearing and may be considered with other evidence in establishing a probation violation" (People v O'Brien, 219 AD3d at 1644 [internal quotation marks and citations omitted]; see People v Hunter, 62 AD3d 1207, 1208 [3d Dept 2009]). Defendant's probation officer testified at the hearing to her history of directly supervising him beginning in December 2020 through 2022 via phone calls and in-person visits. The client activity list was an official record maintained by her and other probation staff as part of the supervision of defendant. The exhibit was properly admitted as it constituted relevant hearsay evidence as well as competent business record evidence admitted under an exception to the hearsay rule (see CPLR 4518 [a]; People v O'Brien, 219 AD3d at 1645; People v Hunter, 62 AD3d at 1208).
Defendant further contends that his probation officer should not have been permitted to testify on redirect examination regarding the ability of probationers who have mental health and other behavioral problems to comply with conditions of probation. The probation officer testified that she advised defendant about the conditions of probation, answered his questions and that he understood the conditions. After she recounted defendant's repeated noncompliance with his probation conditions including his failure to cooperate, answer questions and abide by directives, defense counsel cross-examined [*4]her regarding her training and experience with probationers with mental health disorders and the symptoms and the behaviors they exhibit in an effort to demonstrate that defendant's noncompliance was the product of his mental health. On redirect, the People briefly questioned the probation officer regarding her experience with probationers who exhibit certain mental health symptoms, establishing that it did not prevent compliance with probation conditions. Contrary to defendant's arguments, defendant's mental health and intellectual limitations were known to the court and the probation officer did not improperly testify as a mental health expert; rather, the cross-examination opened the door to this limited inquiry, which was not unduly prejudicial (see People v Kane, 232 AD3d 1064, 1066 [3d Dept 2024]).
Finally, we are not persuaded that County Court abused its discretion in revoking probation and imposing a prison sentence. Despite initially being afforded a lenient sentence of time served and probation for his commission of sexual abuse in the first degree, in recognition of his mental health condition and lack of criminal history, defendant repeatedly disregarded the conditions of his probation and was charged with additional crimes stemming from his failure to cooperate with police officers executing a probation warrant. In view of the foregoing and in consideration of the severity of defendant's underlying criminal conduct, we do not find the prison sentence imposed, which was below the maximum permissible sentence, or the period of postrelease supervision (see Penal Law §§ 70.02 [1] [c]; [3] [c]; 70.45 [2-a] [d]), to be unduly harsh or severe and we decline his request to modify the sentence in the interest of justice (see CPL 470.15 [3] [c]; [6] [b]). Defendant's remaining claims have been reviewed and found to be without merit.
Egan Jr., J.P., Reynolds Fitzgerald, Ceresia and Fisher, JJ., concur.
ORDERED that the judgments are affirmed.

Footnotes

Footnote 1: Defendant argues that the second amended violation of probation petition was facially insufficient in that it failed to provide adequate notice of the conduct underlying the allegations that he violated the conditions of probation, depriving him of due process. That claim is unpreserved (see People v Swick, 147 AD3d 1346, 1346 [4th Dept 2017], lv denied 29 NY3d 1001 [2017]; People v King, 20 AD3d 580, 581 [3d Dept 2005], lv denied 5 NY3d 829 [2005]; People v Ebert, 18 AD3d 963, 964 [3d Dept 2005]).